HAMLIN, Justice.
 

 This matter involves complicated facts, and for a proper understanding of the case a discussion is necessary at the inception of this opinion.
 

 The Commercial National Bank in Shreveport (hereinafter designated as the Bank) held as collateral pledges three real estate mortgage notes for the amounts of $20,000.00, $16,000.00, and $16,000.00, respectively, signed and endorsed in blank by Chet Allen; they were executed and given in pledge during 1959 to secure Allen’s indebtedness, represented by two hand notes, to the Bank.
 

 On July 18, 1961, three executory process proceedings (one on each note) affecting the mortgaged real estate belonging to Chet Allen were instituted by the Bank; three separate writs of seizure and sale were issued; demands were made for payment in the amount of each of the pledged notes; the lots forming the subject matter of the mortgage notes were separately seized and advertised for sale; the aggregate sum to be realized from the sale was claimed to be $52,000.00 (the face amount of the notes), plus interest and attorney’s fees.
 

 Following proceedings by rule for preliminary injunctions brought by the debtor, Chet Allen, in the three matters, which were
 
 *843
 
 consolidated, the district court on September 5, 1961, the return day, rendered the following judgment:
 

 “IT IS ORDERED, * * * that -the rule be made absolute and that the total amount of the writs of seizure and sale originally issued in the above and foregoing three suits be reduced to the sum of TWENTY-EIGHT THOUSAND ONE HUNDRED FIFTY-TWO AND 98/100 ($28,152.98) DOLLARS, with interest thereon at the rate of seven per cent
 
 (7-%)
 
 per cent per annum from March 13th, 1961, plus attorney’s fees in the amount of ten
 
 percent
 
 of said principal and interest, and plus
 
 costs;
 
 * * *
 

 “IT IS FURTHER ORDERED, *' *
 
 *
 
 that the sale originally schedtiled in these three consolidated cases for September 6th, 1961 go forward under the reduced writ of seizure and sale as ordered herein and that all three properties therein described be sold in globo, subject to the above limitations and restrictions. * * * ”
 

 Allen took no appeal from the judgment; he offered no opposition to the sale at which the properties were purchased by the Bank after having been offered for sale in globo by the sheriff under the reduced and combined writ of seizure and sale at the principal door of the Court House on September 6, 196L
 

 Allen brought a direct action for the annulment of the sale, alleging that it was a nullity and without force and effect because, (1) there was no demand for payment and service thereof in the proper amount as required by law; (2) there was no service of the writ of seizure and sale under which the property was sold as required by law; (3) there was no advertisement of the property as it was offered for sale as required, bylaw; and, (4) there was no advertisement of the property under the writ of seizure and sale by which the property was sold as required by law. He prayed that he be restored to all his rights and interests in the property; he also prayed for a restraining order to be followed by a preliminary injunction enjoining the Bank from interfering in any manner with his peaceful possession of certain described lots.
 

 An exception of no cause or right of action was filed by the Bank, which averred that the petition constituted an attempt to have the court set aside actions taken in the execution of a judgment of the court in a case in which plaintiff and defendant were the only litigants, on the ground of the asserted incorrectness of such judgment; it further averred that if the judgment were incorrect (which was denied), plaintiff’s sole and exclusive remedy was by appeal: The trial court sustained said exception; it further sustained an exception of moot issue directed at the Bank’s "possession of certain lots and dismissed plaintiff's suit;
 

 
 *845
 
 The Court of Appeal (138 So.2d 252) affirmed the judgment of the trial court, stating in part:
 

 “It would appear extremely illogical to say that the judgment rendered in the three consolidated foreclosure proceedings is final and binding on the parties and cannot be annulled except by a direct action, but that a sale pursuant to its directive may be annulled on the grounds of the incorrectness of the judgment itself. We thus hold that the instant action constitutes a collateral attack upon the judgment directing and authorizing the sale of plaintiff’s property and that, as such, it cannot be maintained. Thus, plaintiff’s petition discloses no cause of action.”
 

 We directed Certiorari to the Court of Appeal, Second Circuit (Art. VII, Sec. 11, LSA-Const. of'1921); presented for our consideration is the following specification of errors:
 

 “The Honorable Court of Appeal erred in holding that this suit constitutes a collateral attack upon the judgment rendered by the district court in reducing the writs of'seizure and sale and ordering the properties sold ‘in globo’.
 

 “The Court further erred in holding that the relator’s petition did not state a cause of action on the facts therein alleged to annul the sheriff’s sale.”
 

 Relator, Chet Allen, contends that the question is not the validity vel non of the judgment of the district court reducing the writs and ordering the property sold as a whole; that the question is whether or not the procedural safeguards such as demand for payment and proper advertisement as required by law were substantially complied with. He states that he is complaining of the manner in which the sale procedure was handled and not the judgment.
 

 The judgment rendered by the trial court on September 5, 1961, directed that the sale, go forward on September 6, 1961, under a reduced writ of seizure and sale, and that, the three properties described be sold in globo.
 
 [1]
 
 The sheriff conducted the sale :as he was ordered to do, exercising no discretion and committing no act outside of the power conferred upon him by the trial court. It is true that Relator attacks the sheriff’s sale and not the judgment, but the sale could not have taken place or been consummated without the judgment ordering its occurrence; it follows, therefore, that Al
 
 *847
 
 len’s attack is an indirect and collateral attack on the judgment.
 

 A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. Lange v. Baranco, 32 La. Ann. 697. See, Breaux v. Laird, 230 La. 221, 88 So.2d 33. A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Schulhoefer v. City of New Orleans, 40 La.Ann. 512, 4 So. 494. It is the settled law of this state that a judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Lacaze v. Hardee, La.App., 7 So.2d 719. A “judgment” in the true sense is the final determination of the rights of the parties in an action. Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761. A final judgment is definitive when it has acquired the authority of the thing adjudged. LSA-Code of Civil Procedure, Art. 1842. Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Fouchaux v. Board of Commissioners, La. App., 65 So.2d 430. A judgment is final as to a party taking no appeal. Anderson v. Legrande, La.App., 140 So. 269; Landis & Young v. Gossett & Winn, La.App., 178 So. 760.
 

 If Allen was displeased with the trial court’s judgment of September 5, 1961, although pressed for time he could have requested a suspensive appeal (Articles 2082, 2121, 2123, LSA-Code of Civil Procedure); he could have also applied to the Court of Appeal, Second Circuit, for a writ of review and such other relief as he deemed necessary, or he could have sought the nullity of the judgment if he thought that it contained vices of form or substance (Articles 2001-2006, LSA-Code of Civil Procedure.) He availed himself of none of these means; he permitted the sale to take place.
 

 No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. State ex rel. Mestayer v. Debaillon, 36 La.Ann.
 
 *849
 
 828; Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892; In re Phoenix Building & Homestead Ass’n., 203 La. 565, 14 So.2d 447; Ethridge-Atkins Corp. v. Tilly, La.App., 178 So. 669.
 

 As stated supra, the present action constitutes a collateral attack upon the judgment ordering and authorizing the sale of Allen’s property. In view of the law and jurisprudence cited and quoted supra, plaintiff’s suit cannot be maintained; as correctly held by the Court of Appeal, Second Circuit, (138 So.2d, at pg. 256), his petition discloses no cause of action.
 

 Demand for payment and service thereof (Ring v. Schilkoffsky, 158 La. 361, 104 So. 115), obedience by the sheriff to the writ of seizure and sale (Danneel v. Klein, 47 La.Ann. 928,17 So. 466), and proper legal advertisement, (Regina Lumber Co., Inc. v. Perkins, 175 La. 15, 142 So. 785) are formalities ordinarily necessary to a sale by ex-ecutory process. In the present matter, the sheriff complied with the judgment of September 5, 1961; he could not have done otherwise. Our finding that the present action is an indirect and collateral attack on the judgment of September 5, 1961, obviates the necessity of our consideration of Relator’s allegation that the lack of formalities is a sufficient ground for annulling the sale of September 6, 1961.
 
 [2]
 

 For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is affirmed. All costs to be paid by Relator,, Chet Allen.
 

 [1]
 

 . The trial judge did not render -written reasons. During argument in this.Court it appeared .that there had been a conference in the trial judge’s chambers between the' judge and counsel before the rendition of the judgment, which was sufficient to alert counsel for Chet Allen that they should be ready to appeal from an adverse judgment or apply to the Court of Appeal, Second Circuit, for remedial writs—in either of which events the sale would not have taken place— thus preserving the rights of said Chet Allen pending a hearing of his' complaint.
 

 [2]
 

 . It is fitting to reiterate that the original rule proceedings were instituted by Chet Allen, and that such proceedings resulted in the judgment herein complained of.