207 So.2d 895 (1968)
Vella Jean Buchanan BARNES
v.
Maurice Julien BARNES.
No. 7283.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
Tom H. Matheny of Pittman & Matheny, Hammond, for appellant.
Edward B. Dufreche, Ponchatoula, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This appeal is by defendant, Maurice Julien Barnes, who herein complains of the judgment of the trial court granting plaintiff a judgment of separation from bed and board on the grounds of cruelty and habitual intemperance. Appellant also alleges error on the part of the trial court in rejecting his reconventional demand seeking annulment of a community property settlement entered into by the parties subsequent to a *896 prior judicial separation obtained by plaintiff. We find the trial court properly resolved both issues and affirm the judgment rendered below.
On October 2, 1964, plaintiff obtained a judgment of separation from defendant for reasons which it is unnecessary to narrate herein. On that same date the parties, by notarial act, entered into a contract denominated a "Cash Deed" wherein certain specifically described real property was transferred to plaintiff wife. In turn, appellee transferred all her right, title and interest to defendant husband in certain movables particularized in the document. The deed contains language which unmistakably characterizes it as a full and complete settlement of the community acquets and gains theretofore existing between the parties thereto. Although the date is not established with certainty, it appears that some time between November and December, 1964, the parties were reconciled and lived together as man and wife until November, 1966. On or before November 25, 1966, Mrs. Barnes again left the matrimonial domicile and filed this present suit for separation a mensa et thoro on said date alleging as grounds therefor cruelty and habitual intemperance on defendant's part.
In defense of the main demand, defendant denies any wrongdoing on his part and contends the trial court erred in decreeing otherwise. In this regard it suffices to state that plaintiff testified in essence that defendant habitually drank to excess and became intolerable under the influence of alcohol. She further stated that defendant often threatened her with bodily harm; on one occasion assaulted plaintiff's person and at least one time requested plaintiff to leave the matrimonial domicile as defendant wished to be free of all marital responsibilities.
Plaintiff's version of defendant's conduct was corroborated, at least in part, by the testimony of two acquaintances, one of whom lived next door to the residence of plaintiff and defendant while the other lived some distance away. In substance these witnesses testified that they frequently observed defendant drink to excess and succumb to the influence of alcohol although they quite frankly conceded defendant seldom became completely intoxicated. Their testimony is to the further effect that defendant was irascible when drinking. One witness also stated that when plaintiff left defendant the second time, on or about November 25, 1966, plaintiff showed the witness bruises and marks allegedly inflicted upon plaintiff by defendant.
Defendant himself testified but did not deny any of the allegations of misconduct testified to by plaintiff and plaintiff's witnesses. Rather, defendant confined his evidence solely to an attempt to establish a reconciliation prior to October 2, 1964, as will hereinafter appear. Appellant simply contends that the evidence tendered by plaintiff is not of sufficient gravity to support a judgment of separation on the ground of cruelty, excesses or outrages on the part of one spouse toward another. In support of his position defendant cites and relies upon Short v. Morrison, 159 La. 193, 105 So. 286; Broderick v. Broderick, 191 La. 492, 186 So. 5; Primeaux v. Comeaux, 139 La. 549, 71 So. 845.
While we are in complete accord with the authorities cited by appellant, none are factually apposite to the case at bar.
Granting that a single act of ill treatment during a long period of cohabitation does not justify a separation (Primeaux v. Comeaux, supra), the preponderance of the evidence in the instant case is that defendant frequently drank to excess and became verbally abusive. In this regard plaintiff testified without contradiction that it was defendant's continued drinking to excess that led to the first separation and that upon their reconciliation, his conduct grew worse in this respect. Such behavior, coupled with an assault upon plaintiff's person and a request by defendant that plaintiff leave the matrimonial domicile, *897 is sufficient to render their living together insupportable within the meaning of the term as used in LS-R.C.C. Article 138 (3).
In substance defendant's reconventional demand asserts that certain real property in Tangipahoa Parish should be declared community property and defendant recognized as owner of one-half thereof in the event a separation is decreed. Defendant further alleges the property in question is in plaintiff's name by virtue of a certain deed executed October 2, 1964 (the property settlement between plaintiff and defendant), which transaction appellant maintains is null and void for want of consideration.
Although defendant's sole attack on the deed in question is based on an alleged want of consideration, the record is completely barren of evidence on this issue. Instead of attempting to prove the alleged want of consideration, defendant confined his evidence to an effort to establish reconciliation of the parties prior to rendition of the first judgment of separation handed down October 2, 1964.
Plaintiff timely objected to such evidence on the ground that it exceeded the pleadings which did not allege the nullity of the former separation decree and for the further reason it constituted a collateral attack on the judgment of October 2, 1964. The trial court, nevertheless, admitted the evidence subject to plaintiff's objection and held that defendant failed to establish reconciliation between the parties prior to October 2, 1964.
Plaintiff's objection to evidence purporting to establish reconciliation prior to the October 2, 1964, decree was well taken on the ground that it amounted to a collateral attack upon a judgment valid on its face and not void ab initio. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865.
We find no merit in defendant's contention that the attack on the deed based on an alleged prior reconciliation is not an attack on the judgment but on the deed only. In this regard, the whole thrust of defendant's argument is that the deed of October 2, 1964, purporting to settle the entire community of acquets and gains between the parties, is null and void because the judgment of separation pursuant to which it was confected was invalid and legally ineffective due to the parties having been reconciled during the pendency of the first separation suit. If, as defendant contends, a reconciliation in fact did occur during pendency of the prior action, unquestionably the community settlement would be null and void. It is elementary that a husband and wife may not dissolve the community and contract with regard thereto during its existence. It is only when the community is terminated by judgment of separation or divorce that spouses may undertake to settle their affairs in common.
We unhesitatingly conclude the attack herein levied by appellant against the deed in question is in effect and fact a direct assault upon the judgment of separation rendered October 2, 1964. See Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865, wherein an attempt to set aside a sheriff's deed was held a direct attack upon the judgment rendered in the executory proceeding which authorized the sale sought to be set aside. Precisely the same legal principle is involved in the case at hand considering the attack on the deed in question is based solely upon the alleged invalidity of the separation decree of October 2, 1964.
While admission of defendant's preferred evidence regarding the alleged reconciliation subject to plaintiff's objection was in fact error on the part of the trial court, it is a matter of no moment since such admission did not prejudice plaintiff's cause.
Assuming arguendo, the evidence were properly admitted, the trial court correctly held it failed to establish reconciliation between the parties during the pendency of the former suit. We deem it unnecessary to detail the evidence on this point. *898 It suffices to state that defendant's evidence, viewed in its most favorable light, at best establishes that a reconciliation took place on the night of October 2, 1964, after the judgment of separation was signed and the community property settlement had been confected. Reconciliation at such time and under such circumstances would not vitiate either the judgment of separation or the community property settlement of which appellant complains. Neither did the eventual reconciliation between these parties re-establish the matrimonial community previously existing between them. It is settled law that once the community is dissolved, it can only be reinstated by the affected parties entering into a notarial act of agreement in conformity with the provisions of LSA-C.C. Article 155. See Austin v. Succession of Austin, 225 La. 449, 73 So.2d 312.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.