HOOD, Judge.
Cameron State Bank instituted this suit against Isaac Duhon, seeking a judgment for the balance alleged to be due on a promissory note, with recognition of a mortgage securing that note. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
The issues are whether the bank is the owner of the note, and whether defendant received any consideration for it.
*434 Defendant Isaac Duhon and his son, George Duhon, were engaged in the business of building houses in 1968 and 1969. The business was operated under the trade name of Duhon Construction Company, and the Duhons maintained accounts in several banks.
During that time, Isaac Duhon had active accounts in the Cameron State Bank under the names of Isaac Duhon, personally, and Duhon Construction Company. On several occasions in 1968 and 1969 defendant borrowed money from the bank for his personal use and for the company. These loans were evidenced by promissory notes in various amounts, some of which were signed by defendant, some by his son, and some by both.
This suit is based on a promissory note which was executed in January, 1969, by Isaac Duhon, made payable to the order of “Holder or Holders,” for the principal sum of $25,000.00. The note is payable on demand, and it bears interest at the rate of 6 percent per annum from date until paid. It is secured by an act of mortgage affecting real property in Jefferson Davis Parish. Plaintiff alleges that it is the holder and owner of that note, that defendant has failed to pay it, and that the unpaid balance on that note is $23,656.76, with 6 percent per annum interest thereon from November 8, 1969, until paid.
Judgment was rendered by the trial court awarding plaintiff the amount claimed as the balance due on the note, with interest from November 8, 1969, and with the attorney’s fees provided in the note.
The evidence shows that the mortgage note on which this suit is based was executed by defendant Isaac Duhon, and was delivered to the bank to be used as collateral security for defendant’s indebtedness to that bank.
Defendant’s actual indebtedness to the bank was evidenced by three other promissory notes, referred to as “hand notes,” held by plaintiff. All three of these notes are dated November 8, 1969, and are made payable to the order of Cameron State Bank. Defendant Isaac Duhon was the maker of two of these notes, one for $500.-00, and the other for $21,805.76. George Duhon was the maker of the third note, for $1,351.50. On each note, however, there is an endorsement signed by Isaac Duhon reciting that it is secured by defendant’s real estate mortgage note for $25,000.00. These notes show, and plaintiff’s records reflect, that on November 8, 1969, defendant’s actual indebtedness to the bank was $23,656.76, that being the amount of the judgment rendered by the trial court in this case.
Defendant contends primarily that plaintiff has failed to show that it is the owner of the mortgage note on which this suit is based. He points out that the “Liability Ledger Sheet” maintained by the bank, which purports to show the indebtedness of Isaac Duhon to that bank, does not list this mortgage note as either a prime or a collateral obligation of that borrower. The manager of the bank explained, however, that a collateral note such as this is simply held in the files of the bank as security for the payment of the outstanding “hand notes” of the borrower, and that it is not listed in the ledger sheets indicating the indebtedness of the maker.
The evidence convinces us that this $25,000.00 mortgage note was executed by Isaac Duhon, and was delivered to the bank to be used as collateral security for other notes evidencing defendant’s actual indebtedness to that bank. We hold that the bank is the holder of this collateral note, and that as such it has authority to maintain an action on that note to recover the amount of the actual indebtedness due it by defendant. Allen v. Commercial National Bank in Shreveport, 138 So.2d 252 (La.App. 2 Cir. 1962; affirmed 243 La. 840, 147 So.2d 865).
Defendant contends next that he received no consideration for the note, and *435 that he was induced to sign it by fraud and misrepresentation. He testified, in effect, that in 1968 he entered into an agreement with A. J. Howard, president of plaintiff bank, under the terms of which he was to construct a home for Howard, that the latter was to pay all of the costs of or expenses incurred in the building of that home, and that there was no agreement as to the specific price which Howard was to pay. He stated that the account of Duhon Construction Company was opened in the Cameron State Bank merely to facilitate those payments, that Howard agreed to deposit sufficient funds in that account from time to time to pay for the construction of the house, and that defendant would be permitted to withdraw funds from the account as needed for that purpose. He testified that Howard was to pay all of the costs of that construction project, and that all of the funds deposited in that account were expended for the construction of Howard’s home, except for a bill of $12,200.00 which was owed on another job, but which amount was refunded to the account.
Defendant Duhon filed a third party demand against Howard, alleging fraud and misrepresentation, but when the case came up for trial he formally dismissed that third party demand, with full reservation of his rights thereunder.
Howard contends that Duhon agreed to construct the house for a price of $20,000.-00, and that upon completion of that house he paid defendant the full amount due under that contract. He denies that there was any fraud or misrepresentation, and he takes the position that defendant simply borrowed money from the bank to conduct his extensive business operations, and that he is presently indebted to the bank for the amount of the judgment which was rendered by the trial court.
The records of the bank reflect that on January 28, 1969, defendant was indebted to the bank in the sum of $49,386.77, plus accumulated interest amounting to $580.53. That indebtedness, of course, was evidenced by a number of “hand notes” held by the bank. We assume that at least some of that indebtedness was incurred in connection with the construction of Howard’s home.
On the above mentioned date, January 28, 1969, Howard issued his check for $20,580.53, made payable to the bank, and that amount was credited to defendant’s indebtedness, reducing that indebtedness to $29,386.77. At or about that time defendant executed the $25,000.00 mortgage note to secure this remaining indebtedness. And, as already noted, his total indebtedness to the bank was reduced to the principal sum of $23,656.76 by November 8, 1969.
Defendant argues that Howard’s testimony that the house was to be built for a contract price.of $20,000.00 should not be accepted, because the petition contained a false allegation and Howard signed a verification of that pleading. The petition alleges that the act of mortgage securing the $25,000.00 mortgage note was passed before a notary public and two witnesses, whereas the evidence shows that the notary and the two witnesses were not present when the document was executed.
Plaintiff concedes that the mortgage was not executed before a notary and two witnesses, although it purports to have been executed in authentic form, but neither Howard nor any other witness testified at the trial that the notary or witnesses were present. Defendant does not question the legal efficacy of the act of mortgage as being an act under private signature, but he argues that the fact that Howard verified the above mentioned allegation discredits him as a witness. We reject that argument.
The evidence shows that plaintiff bank has loaned to the defendant the amount claimed in this suit. Defendant has failed to show an agreement which would relieve him of his obligation to pay that sum. We find that no fraud or mis *436 representation has been established on the part of plaintiff or its officers.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.