289 So.2d 82 (1974)
STATE of Louisiana, ex rel. William J. GUSTE, Jr., Attorney General
v.
LOUISIANA BOARD OF HIGHWAYS et al.
No. 53550.
Supreme Court of Louisiana.
January 14, 1974.
Rehearing Denied February 15, 1974.
*83 William J. Guste, Jr., Atty., Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Kendall L. Vick, Asst. Atty. Gen., for plaintiffs-applicants.
Charles Wm. Roberts of Burton & Roberts, Baton Rouge, for defendants-respondents.
DIXON, Justice.
This action is brought by the Attorney General of the State of Louisiana against the Louisiana Department of Highways to prevent the expenditure of certain funds and to have declared certain rights.
From 1960 to 1966 the Louisiana Department of Highways deposited $23,000,000 in non-interest bearing accounts with the First National Bank of Jefferson Parish. When the highway department's arrangement with the bank was uncovered three indictments resulted, and the Idle Fund Investment Law was subsequently strengthened. R.S. 39:462(B). In 1971 the chairman of the highway board, Mr. James Moore, stated publicly that the State had been deprived of approximately $4,000,000 in interest by the First National Bank of Jefferson Parish. During the following year Mr. Moore indicated that he was prepared to accept on behalf of the highway department the sum of $200,000 from the bank in full settlement of the $820,000 allegedly due the State for failure to invest the idle highway funds. The incumbent attorney general of the State was informed of the compromise agreement and sent a letter[1] on April 24, 1972 to the general *84 counsel of the highway department, requesting that the proposed settlement be delayed until the incoming attorney general had an opportunity to review it. On April 27, 1972 the highway board settled the claim with the bank for $200,000. The board retained $175,000 and the remainder was held in escrow for other State agencies. The instant action on behalf of the attorney general followed. Plaintiff sought a declaratory judgment and injunctive relief to prevent the highway department from disbursing funds. Judgment was rendered in favor of the defendants, maintaining the peremptory exceptions of no right and no cause of action. The Court of Appeal (La.App., 275 So.2d 207) affirmed the judgment of the district court, and we granted writs.
The attorney general relies on Section 56 of Article VII of the Constitution of 1921 which states:
"... They, or one of them, (the attorney general or his assistants) shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State." (Parenthetical explanation and emphasis added).
In Saint v. Allen, 172 La. 350, 134 So. 246 (1931), this court concluded that the Louisiana Highway Commission was a distinct legal entity, apart from the State and could employ independent counsel. The attorney general contends that he has the authority to supersede independent counsel in order to protect the interest of the State.
The plaintiff further alleges that the settlement between the highway department and the bank was ultra vires because (1) the attorney general alone had final authority to approve any compromise; (2) the defendant knew of the pending criminal investigation and (3) the bank had notice that other State agencies were involved.
Considering these contentions in inverse order, we note first that this is not a demand by the attorney general, on behalf of the State or any agency, to recover from the bank funds belonging to the State. The only demand in this suit against the bank is that the settlement between the bank and the highway department be set aside.
There is no showing that any criminal investigation of the affair was impeded, or would be affected in any way by the settlement of civil obligations. We do not understand *85 that the actions of which the attorney general complains have or will affect criminal proceedings arising from the deposit of State funds.
The respondents argue that Section 56 of Article VII of the Constitution of 1921 has not been amended since 1921, and that a subsequent constitutional provision, Section 19.1 of Article VI, is controlling. A portion of this 1952 enactment illustrates that control of the business of the highway department is vested as follows:
"(9) Under the direction, supervision and control of the board of highways, the director has the management of the department and shall exercise all of the functions of the department through the department organizations provided for by law, except those functions specifically assigned to the board of highways under the provisions of this Section. The department cannot and shall not act otherwise than through the board of highways or the director or through someone acting under authority of the board or director...." (Emphasis added).
To the extent that this amendment conflicts with the earlier constitutional provision we agree that the later provision will control.
We hold that Article VI, Section 19.1 provides that the highway department need not seek prior approval from the attorney general in the management of its affairs. The letter dated April 24, 1972 from the attorney general to the general counsel for the highway department was not an "intervention" within the provisions of Article 7, Section 56 of the Constitution. There was no "suit or other proceeding, civil or criminal" in which the attorney general might intervene. The attorney general did not disapprove the settlement. He merely requested that the department delay the matter until the new attorney general took office.
The petition of the attorney general does not allege fraud on behalf of any party. We do not decide whether the attorney general may bring an action to set aside a fraudulent settlement by the highway department.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
NOTES
[1] "Honorable Phillip K. Jones

General Counsel Louisiana Department of Highways Highway Building Baton Rouge, Louisiana Dear Mr. Jones:
This is with reference to the proposed settlement reached by the State Highway Board recently to accept $200,000.00 settlement from the First National Bank of Jefferson Parish in full settlement of an alleged $4,000,000.00 due the State for failure to invest idle highway funds.
"You have asked me to attend a meeting in your office this coming Wednesday for the purpose of effecting said settlement and that you desire me to be present to sign the said release for and on behalf of State agencies involved represented by this office, which you claim are the Register of State Lands, the Division of Administration, the Bureau of Veterans Affairs and the State Treasurer.
"None of the above listed agencies have called upon this office for advice about this matter, nor have any of them requested an opinion from this office concerning the legality of this proposed settlement.
"I am not familiar with the nature of the claim to be asserted by the State, and I do not know nor can I appraise the value of the claim of the State. However, I am convinced that if a claim exists that the State of Louisiana is the claimant and not one single bureau or department, and that if a settlement is effected it should be made by the Governor and Attorney General as provided by law, and I am further of the legal opinion that if a settlement is collected from the said First National Bank of Jefferson Parish that these funds should go in the General Fund of the State.
"I understand in telephone conversation with you that the Highway Board has recommended the acceptance of this settlement, but the Board wishes approximately $175,000.00 thereof to be retained by the Board.
"I note in the morning paper that the incoming Attorney General has suggested that the matter should be reviewed. I have not had the opportunity to talk to the in-coming Attorney General personally nor did he send me a copy of the letter which the press reports as having been sent by him to Highway Board Chairman, James W. Moore. I am positive of one thing that I have not approved nor rejected any settlement contrary to what may have been published or released in the news media.
"Even though I may be wrong in some of the legal conclusions above stated, and in view of the apparent attitude of the incoming Attorney General, I suggest that this matter be delayed until the new Attorney General can handle the same to his satisfaction.
"If the matter is handled according to this suggestion, the new Attorney General would have the opportunity to substantiate the validity of the proposed settlement as well as accept the responsibility for not making the same. I further believe that this is the only fair thing to do because in the event a suit is filed, it would then probably be the responsibility of the incoming Attorney General, and I would not desire to eliminate his utmost and thorough consideration. I want you to understand that I am doing this to protect the interest of the State and to insure the confidence of the people in its officials and at the same time to cooperate to the best of my ability. I do not feel that this slight delay would jeopardize any eventual settlement that may be arrived at by all parties concerned.
"With best wishes, I am
 Sincerely yours,
 JACK P. F. GREMILLION
 ATTORNEY GENERAL
JPFG:eak cc: Honorable John J. McKeithen cc: Governor-Elect Edwin Edwards cc: Honorable James W. Moore cc: Division of Administration cc: Mrs. Ellen Bryan Moore cc: Honorable Dick Staggs cc: Honorable Mary Evelyn Parker cc: Attorney General Elect William J. Guste, Jr. cc: Deutsch, Kerrigan and Stiles"