BEER, Judge.
The pertinent facts of this case are well and concisely stated by the District Judge in his written Reasons for Judgment as follows:
“This is an action filed by the State of Louisiana, through the Attorney General, seeking to recover $4,000,000.00 which it alleges should have been paid to it as interest on approximately $23,000,000.00 deposited with defendant, First National Bank of Jefferson Parish, in non-interest bearing accounts.
These funds were deposited with the defendant allegedly as a result of a conspiracy entered into between the defendant and Ezekial W. Gravolet, Jr. pursuant to which Gravolet allegedly directed funds under the control of the Louisiana Highway Department be deposited with the defendant in non-interest bearing accounts and for which Gravolet was to be compensated by defendant. Said deposits allegedly were made during the period June 1, 1960 to December 29, 1967. In the early part of 1972, the Louisiana Department of Highways asserted a claim against the defendant arising out of the deposit of said funds in non-interest checking accounts.
On April 27, 1972, a “Compromise Agreement, Receipt and Release” was entered into between the Louisiana Department of Highways and the defendant in full settlement of any and all claims possessed by the Louisiana Department of Highways arising out of the aforementioned deposits. The Board of the Louisiana Department of Highways had previously authorized execution of the compromise agreement although the newly elected, but not sworn in, Attorney General, William J. Guste, Jr., had requested a delay. Similarly, the Board of the First National Bank of Jefferson Parish had authorized a compromise agreement.
Pursuant to said compromise agreement, the defendant paid to the Louisiana State Department of Highways the sum of $188,931.40 by cashier’s check, which was deposited for collection and collected by the Louisiana State Department of Highways.
Thereafter, the Attorney General of this State filed suit number 156-128 in the 19th Judicial District Court for the Parish of East Baton Rouge in an attempt to set aside the compromise agreement described above. The District Court dismissed the suit of the Attorney General and upheld the validity of the compromise agreement. On appeal the decision of the lower court was affirmed. See State ex rel Guste vs. Board of Highways, 275 So.2d 207 (La.App. 1st, 1973). Writs were granted by the Supreme Court of Louisiana and the judgments of *689 the lower court and the Court of Appeal were affirmed. State ex rel Guste vs. Louisiana Board of Highways, et al, 289 So.2d 82 (La.1974).
On the same day that the suit was filed in this cause, the Attorney General filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge to recover the $188,931.40 paid to the Louisiana Department of Highways by defendant pursuant to the compromise agreement. This suit was later dismissed by the Attorney General on the grounds that it had “been rendered moot by the fact that the proceeds of the settlement agreement between the First National Bank of Jefferson Parish and the Louisiana Department of Highways has been returned to the State Treasury”. An order of dismissal was signed by the court in that case.”
In maintaining the Motion for Summary Judgment filed by appellee, the District Judge stated:
“It is the view of this court that the claim asserted in this case has been fully compromised and settled by the agreement dated April 27, 1972 between the Louisiana Department of Highways and the defendant, First National Bank of Jefferson Parish. The First National Bank of Jefferson Parish was released from any and all further liability in the compromise agreement and the funds paid by defendant, First National Bank of Jefferson Parish, now rest in the State Treasury.
Additionally, the compromise agreement has been upheld by the Supreme Court of Louisiana. State ex rel Guste vs. Louisiana Board of Highways, supra.”
We affirm.
As one reads the record of these proceedings and those of the earlier proceedings involving the same subject matter in the 19th Judicial District Court, the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court, the appalling indiscretions, or worse, which took place during the period between June 1, 1960 and December 29, 1967 become apparent. As they do, compelling indignation is an understandable reaction.
Doubtlessly this same reaction on the part of the Attorney General-Elect precipitated the earlier proceedings referred to above.
But now the entire matter has run its judicial course. As disposed as we are to accord a day in Court to the people of Louisiana, that day has come and gone.
Why the compromise agreement was not delayed until the new Attorney General-Elect took office — in accordance with the request of the departing Attorney General as indicated in his letter of April 24, 1972* — is only one of the questions that will never be answered due to the course that this litigation has taken. Yet, the Supreme Court has ruled that the validity of the compromise agreement effectively ends this and all other judicial queries regarding the original claim, the subsequent settlement negotiations, and the settlement itself.
As the Supreme Court has stated in Allen vs. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865:
“No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. State ex rel. Mestayer v. Debaillon, 36 La.Ann. 828; Folse v. St. Bernard Parish Police Jury, 201 La. 1048, 10 So.2d 892; In re Phoenix Building & Homestead Ass’n., 203 La. 565, 14 So.2d 447; Ethridge-Atkins Corp. v. Tilly, La.App., 178 So. 669.”
*690 This suit is nothing more or less than a collateral attack on the final judgment previously referred to.
It will serve no purpose to wring our hands at the possible impropriety of the settlement negotiations themselves. Those deeds are done and the new Attorney General did not see fit to level the thrust his attack in that direction either in the original proceedings or in this proceeding. We must assume that his decisions in those instances were arrived at after deliberations and considerations at least equal to those which authored this proceeding.
The judgment of the Twenty Fourth Judicial District Court is affirmed.
Affirmed.

 See Mr. Justice Dixon’s opinion in 289 So.2d 82, Footnote 1.