MARC E. JOHNSON, Judge.
| .Defendant, Lloyd Daniel, in proper person, appeals the trial court’s sustaining of Plaintiff, Allstate Insurance Company’s, peremptory exception of res judicata, dismissing his reconventional demand with prejudice. For the following reasons, we affirm.

FACTS & PROCEDURAL HISTORY

On January 1, 2000, Allstate Insurance Company (“Allstate”) and Mr. Daniel entered into the Allstate R3001C Exclusive Agency Agreement (“the Agreement”) in which Allstate appointed Mr. Daniel as its agent and authorized him to receive and accept applications for insurance coverage in Louisiana. On September 10, 2012, Allstate sent a letter to Mr. Daniel terminating the Agreement, effective December 31, 2012, pursuant to Section XVII.B.2 of the Agreement.[1]
Thereafter, on December 10, 2012, Mr. Daniel, in proper person, filed a complaint in the Eastern District of Louisiana, Civil Action No. 12-2933, seeking to enjoin All *171 state from terminating the agreement on the basis of wrongful | ¡¡termination. On December 31, 2012, the Eastern District Court denied Mr. Daniel’s request for a temporary restraining order to prevent Allstate from implementing the termination on the December 31, 2012 effective date, and on March 6, 2013, the Eastern District Court dismissed Mr. Daniel’s complaint with prejudice after finding Allstate properly executed its right to terminate the Agreement. Daniel v. Allstate Ins. Co., No. 12-2933, 2013 U.S. Dist. LEXIS 149053, at *19 (E.D.La., Mar. 6, 2013). The United States Fifth Circuit Court of Appeals upheld the Eastern District Court’s ruling, and the United States Supreme Court denied writs. Daniel v. Allstate Ins. Co., No. 13-30325, 541 Fed.Appx. 506 (5th Cir.2013) (unpublished opinion), cert. denied, — U.S -, 134 S.Ct. 2311, 189 L.Ed.2d 176 (U.S.2014).
On September 25, 2013, after the Eastern District Court’s judgment finding Allstate properly terminated the Agreement, Allstate filed a Verified Petition for Writ of Sequestration, Preliminary Injunction, and Permanent Injunction in the 24th Judicial District Court, seeking to prohibit Mr. Daniel from acting or representing himself as an Allstate agent and to recover all property in his possession belonging to Allstate. Allstate alleged that Mr. Daniel had refused to comply with the termination provision of the Agreement in that he continued to represent himself as an Allstate agent, refused to stop using Allstate service marks and trade names, and refused to return all property belonging to Allstate.
On the same day, the trial court granted a writ of sequestration ordering that the Sheriff of Jefferson Parish sequester all of Allstate’s property that was in Mr. Daniel’s possession at his listed address and to hold the property pending further order by the court.
On November 12, 2013, Mr. Daniel answered the petition and filed an exception of lis pendens, asserting that the pending appeal of the Eastern District’s |4March 6, 2013 judgment to the United States Fifth Circuit Court of Appeal involved the same parties, same occurrence and same transaction, and effectively stayed the matter. The trial court ultimately denied the exception as moot after the U.S. Fifth Circuit affirmed the Eastern District Court’s ruling and the U.S. Supreme Court denied writs.
Mr. Daniel also filed a reconventional demand alleging that Allstate’s termination of the Agreement was not valid. In response, Allstate filed an exception of res judicata on the basis Mr. Daniel’s claim that the Agreement was improperly terminated was asserted in prior litigation and conclusively determined through a valid final judgment, namely the Eastern District Court’s March 6, 2013 judgment which was upheld by the U.S. Fifth Circuit. After a hearing, the trial court sustained the exception of res judicata and dismissed Mr. Daniel’s reconventional demand with prejudice. The trial court reasoned that the claims raised by Mr. Daniel in the federal court case and the reconven-tional demand were exactly the same in terms of the parties and the alleged facts.

ISSUE

In this appeal, Mr. Daniel challenges the dismissal of his reconventional demand on the basis of res judicata. He argues that the Eastern District Court’s ruling that Allstate properly terminated the Agreement is erroneous and that the trial court erred in relying on it to dismiss his recon-ventional demand.

*172
LAW & ANALYSIS

Res judicata is a preclusion device found in both federal and state law designed to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid, Refining Co., 95-654 (La.1/16/96); 666 So.2d 624, 631. “Precluding relitigation prevents inefficient use of the courts’ resources, reduces the possibility of harassment | ^through vexatious suits, and helps maintain respect for the judicial proceeds [sic] by guarding against inconsistent decisions.” Id., quoting Dixon, Booksh, Zimmering, Res Judicata in Louisiana since Hope v. Madison, 51 Tul.L.Rev. 611 (1977).
The preclusive effect of á prior federal court judgment is controlled by federal res judicata rules. Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). The res-judicata effect of a prior federal judgment is a question of law that is reviewed de novo. Morales v. Parish of Jefferson, 10-273 (La.App. 5 Cir. 11/9/10); 54 So.3d 669, 672.
Under federal law, the doctrine of res judicata means that
a valid final judgment may bar a party from seeking certain remedies whether the party’s right to those remedies was actually litigated in the earlier proceeding or not, if the later-asserted right is found to arise out of the same transaction as the claim or cause of action presented in the earlier proceeding.
Pilie’ & Pilie’ v. Metz, 547 So.2d 1305, 1310 (La.1989). Federal law uses a broad interpretation of “res judicata” to include both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 436 (5th Cir.2000). Viewed in this broad sense, res judicata will bar relitigation of matters that have been previously litigated and subsequent litigation of matter that have never been litigated but should have been advanced in the earlier suit. Reeder, 623 So.2d at 1271; Morales, 54 So.3d at 673.
Under federal res judicata law, the federal judgment bars a subsequent suit if all of the following are satisfied: (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases. Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir.2000).
lfiWe find that all four elements of res judicata are present and, thus, find the trial court properly sustained Allstate’s exception of res judicata, dismissing Mr. Daniel’s reconventional demand. First, there is no dispute that the federal lawsuit involved both Mr. Daniel and Allstate, the same parties involved in the present state lawsuit. Second, the federal judgment was rendered by a court of competent jurisdiction. The Eastern District Court had jurisdiction over both the subject matter and the parties and, thus, was a court of competent jurisdiction. Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). The Eastern District Court found that the value of Mr. Daniel’s agency revenue exceeded $75,000, and that Mr. Daniel was a resident of Louisiana and Allstate’s principal place of business and place of incorporation was Illinois.
Third, the Eastern District Court’s March 6, 2013 judgment is final. The judgment specifically dismissed Mr. Daniel’s complaint with prejudice. A dismissal *173 with prejudice at any stage of a judicial proceeding normally constitutes a final judgment on the merits. Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc., 575 F.2d 530, 534 (5th Cir.1978). Additionally, as noted above, the U.S. Fifth Circuit affirmed the judgment on appeal and the U.S. Supreme Court subsequently denied writs. Daniel v. Allstate Ins. Co., 541 Fed.Appx. 506 (5th Cir.2013) (unpublished opinion), cert. denied, — U.S. -, 134 S.Ct. 2311, 189 L.Ed.2d 176 (U.S.2014).
And, fourth, the cause of action at issue in the federal case is the same cause of action at issue in Mr. Daniel’s reconven-tional demand in the state case. In the federal complaint, Mr. Daniel challenged Allstate’s termination of the Agreement. |7He claimed Allstate breached the terms of the Agreement in its attempt to terminate by first issuing a termination letter on March 21, 2012, and then temporarily rescinding the letter. He argued that after Allstate issued the temporary rescind letter, it could no longer, under the terms of the Agreement, terminate the Agreement by the 90-day notice given in the September 10, 2012 letter.
In his subsequent reconventional demand in the state case, Mr. Daniel challenged Allstate’s termination of the Agreement on the same basis. Specifically, he alleged there was an implied provision of the Agreement regarding the termination process for failing to meet certain business objectives, and that Allstate failed to follow this process in terminating the Agreement. He asserted Allstate first embarked upon the implied termination process for failing to meet business objectives through its March 21, 2012 letter, failed to fully follow the process by issuing its April 30, 2012 letter temporarily rescinding the termination, and then impermissibly terminated him in the September 10, 2012 letter under the 90-day notice with or without cause termination process. Mr. Daniel asserted that the 90-day notice with or without cause termination process could not be interchanged with the implied termination process for not meeting business objectives. These are the same claims Mr. Daniel asserted in the federal complaint.
As all four elements of the federal res judicata doctrine were met, Mr. Daniel’s reconventional demand in the state suit was barred by the March 6, 2013 federal judgment.
To the extent Mr. Daniel argues the federal court judgment is incorrect, we find such argument to be an impermissible collateral attack on a final judgment. A collateral attack is defined as an attempt to impeach the decree in a proceeding not | ¡^instituted for the express purpose of annulling it. Regions Bank v. Cabinet Works, LLC, 11-748 (La.App. 5 Cir. 4/10/12); 92 So.3d 945, 961. “No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face.” Salles v. Salles, 04-1449 (La.App. 1 Cir. 12/2/05); 928 So.2d 1, 5, quoting Allen v. Commercial Nat'l Bank, 243 La. 840, 147 So.2d 865, 868 (La.1962). “A judgment rendered by a Court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in a direct action of nullity. It cannot be collaterally attacked.” Salles, supra at 5-6 (internal citations omitted). The federal judgment of March 6, 2013 was rendered by a court of competent jurisdiction and, thus, imparts absolute verity and has the force of the thing adjudged. Mr. Daniel cannot collaterally attack it through his reconven-tional demand.
*174 Finally, in its appellee brief, Allstate has requested this Court award attorney’s fees and costs for a frivolous appeal. However, Allstate failed to cross-appeal or answer Mr. Daniel’s appeal. As such, we are precluded from considering its request. La. C.C.P. arts. 2082 and 2133; Eckert v. Roux, 09-1016 (La.App. 5 Cir. 3/23/10); 39 So.3d 636, 643.

DECREE

For the foregoing reasons, we find Mr. Daniel’s reconventional demand was barred by the res judicata effect ,of the March 6, 2013 federal judgment. Accordingly, we affirm the trial court’s ruling sustaining Allstate’s exception of res judi-cata and dismissing Mr. Daniel’s reeonven-tional demand.

AFFIRMED

. Section XVII.B.2 provides for the termination of the Agreement "[b]y either party, with or without cause, upon providing ninety (90) days prior written notification to the other, or such greater number of days as is required by law.” ■