MARC E. JOHNSON, Judge.'
1 ¡¿Defendant, Lloyd Daniel, in proper person, appeals the trial court’s granting of a permanent injunction which prohibits him from acting or representing himself as an agent of representative of Plaintiff, Allstate Insurance Company- (“Allstate”), and using Allstate-telephone numbers, service marks and trade names. For the following reasons, we affirm.

FACTS & PROCEDURAL HISTORY

This is Mr. Daniel’s second appeal. We recited the facts and procedural-history-in his first appeal, 16-CA-90, but repeat them here for convenience and add additional-procedural history that occurred after Mr. Daniel’s took his first appeal.[1]
*612 On January 1, 2000, Allstate Insurance Company (“Allstate”) and Mr. Daniel entered into the Allstate R3001C Exclusive Agency Agreement (“the Agreement”) in which Allstate appointed Mr. Daniel as its agent and authorized him to receive and accept, applications for insurance coverage in Louisiana. On September 10, 2012, Allstate sent a letter to Mr. Daniel terminating the [..¡Agreement, effective December 31, 2012, pursuant to Section XVII.B.2 of the Agreement.[2]
Thereafter, on December 10, 2012, Mr. Daniel, in proper person, filed a complaint in the Eastern District of Louisiana, Civil Action No. 12-2933, seeking to enjoin Allstate from terminating the agreement on the basis of wrongful termination. On December -31, 2012, the Eastern District Court denied .Mr. Daniel’s request for a temporary restraining order to prevent Allstate from implementing the termination on the December 31, 2012 effective date, and on March 6, 2013, the Eastern District Court dismissed Mr. Daniel’s complaint with prejudice after finding Allstate properly executed its right to terminate the Agreement. Daniel v. Allstate Ins. Co., No.. 12-2933, 2013 U.S. Dist. LEXIS 149053, at *19 (E.D.La., Mar. 6, 2013). The United States Fifth Circuit Court of Appeals upheld the Eastern District Court’s ruling, and the United States Supreme Court denied writs. Daniel v. Allstate Ins. Co., 541 Fed.Appx. 506 (5th Cir. 2013) (unpublished opinion), cert. denied, — U.S. -, 134 S.Ct. 2311, 189 L.Ed.2d 176 (2014).
On September 25, 2013, after the Eastern District Court’s judgment finding Allstate properly terminated the Agreement, Allstate filed a Verified Petition for Writ of Sequestration,- Preliminary Injunction, and Permanent Injunction in the 24th Judicial District Court, seeking to prohibit Mr. Daniel from acting or representing himself as an Allstate agent and to recover all property in his possession belonging to Allstate. Allstate alleged that Mr. Daniel had refused to comply with the termination provision of the Agreement in that he continued to represent himself as |4an Allstate agent, refused to stop using Allstate service marks and trade names, and refused to return all property belonging to Allstate.
On the same day, the. trial court granted a writ of sequestration ordering that the Sheriff of Jefferson Parish sequester all of Allstate’s property that was in Mr. Daniel’s possession at his listed address and to hold the -property pending further order by the court.
On November Í2, 2013, Mr. Daniel answered the petition and filed an exception of lis pendens, asserting that the pending appeal of the Eastern District’s March 6, 2013 judgment to the United States Fifth Circuit Court of Appeal involved the same parties, same occurrence and same transaction, and effectively stayed the matter. The trial court ultimately denied the exception as moot after the-U.S. Fifth Circuit affirmed the Eastern District Court’s ruling and' the U.S. Supreme Court denied writs.
Mr. Daniel also filed a reconventional demand alleging that Allstate’s termination of the Agreement was not valid. In response, Allstate' filed an exception of res judicata on the basis Mr. Daniel’s claim that the Agreement was improperly terminated was previously asserted in prior litigation and conclusively determined through a valid final judgment, namely the *613 Eastern District Court’s March 6, 2013 judgment which was-upheld by the ILS. Fifth Circuit. After a hearing, the- trial court sustained the exception of res judica-ta and .dismissed Mr. Daniel’s reconven-tional demand with prejudice. In his first appeal, Mr. Daniel challenged the dismissal of his reconventional demand pursuant to the exception of res judicata. We affirmed the trial court’s ruling in No. 15-CA-90.
' After Mr. Daniel filed his motion for appeal on October 1, 2014 from the dismissal of his reconventional’ demand, the trial court, upon Allstate’s motion, set a hearing on Allstate’s Petition for Injunction for November 19, 2014. Mr. Daniel |fisought a stay of the hearing pending his first appeal, which was denied.[3] The hearing was ultimately held on February 10, 2015. At the conclusion of the hearing, the trial court granted Allstate’s request for a permanent injunction. In the written judgment dated March 16, 2015, Mr. Daniel was ordered to comply with the termination obligations of the Agreement and was permanently enjoined from acting or representing himself as an agent or representative of Allstate and using Allstate telephone numbers, service marks and trade names. He was further enjoined from possessing-or controlling property belonging to Allstate and property bearing Allstate service marks or trade name. The trial court also ordered the property that had been seized and sequestered by the Jefferson Parish Sheriff be conditionally released to Allstate pending Mr. Daniel’s appeals.
Mr. Daniel filed a second appeal seeking review of the trial court’s judgment granting a permanent injunction and was granted a devolutive appeal. Mr. Daniel subsequently tried to convert the appeal into a suspensive appeal, but his attempts were denied. See Allstate v. Daniel, 15-220 (La.App. 5 Cir. 5/5/15) (unpublished writ disposition).

DISCUSSION

Mr. Daniel’s motion for appeal indicates he is appealing the judgment granting a permanent injunction. However, on appeal, Mr. Daniel only argues that the trial court erred in relying on the March 6,2013 federal court judgment and challenges the propriety of the federal court judgment. His sole argument is that the federal court erred in finding Allstate properly terminated the Agreement.
|fiWe find Mr. Daniel’s sole argument to be an impermissible collateral attack on a final judgment. A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Regions Bank v. Cabinet Works, LLC, 11-748 (La.App. 5 Cir. 4/10/12); 92 So.3d 945, 961. “No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face.” Salles v. Salles, 04-1449 (La.App. 1 Cir. 12/2/05); 928 So.2d 1, 5, quoting Allen v. Commercial Nat'l Bank, 243 La. 840, 147 So.2d 865, 868 (La.1962). “A judgment rendered by a Court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set *614 aside in a direct action of nullity. It cannot'be-collaterally attacked.” Salles, supra at 5-6 (internal citations omitted). The federal judgment of March 6, 2013 was rendered by a court of competent jurisdiction and, thus, imparts absolute verity and has the force of the thing adjudged. Mr. Daniel cannot collaterally attack it through these proceedings involving a permanent injunction.
The appellate court reviews the granting or denial of a permanent injunction under the manifest error standard. Zeringue v. St. James School Bd., 13-444 (La.App. 5 Cir. 11/19/13); 130 So.3d 356, 359. Under La. C.C.P. art. 3601, “[a]n injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law.” An injunction is a harsh, drastic and extraordinary remedy, and should only issue where the mover is threatened with irreparable loss or injury without adequate remedy at law. Id, Irreparable injury means the moving party cannot be adequately-compensated in money damages for his injury or suffers injuries which cannot be .measured by pecuniary standards. Id.
|7Here, the federal court judgment found Allstate properly executed the.termination clause of the Agreement. The Agreement, in Section XVIII entitled “OBLIGATIONS UPON TERMINATION OF AGREEMENT,” provides for certain obligations on the part of the agent in the event the Agreement is terminated, including that the agent will not act or represent himself in-anyway as an agent of Allstate, will immediately cease using the Allstate telephone numbers, service marks and trade name, and will immediately return all property belonging to Allstate. The record clearly shows that Mr. Daniel refused to accept that the Agreement had been terminated, effective December 31, 2012, and refused to comply with his obligations upon termination. The record supports a finding that Allstate would suffer irreparable injury absent the granting of a permanent injunction. As such, we do not find the trial -court abused its discretion in panting a permanent injunction.
In its appellee brief, Allstate has requested this Court award sanctions for a frivolous appeal. However, Allstate failed to cross-appeal or answer Mr. Daniel’s appeal. As , such, we ..are precluded from considering its request. La. C.C.P. arts. 2082 and 2133; Eckert v. Roux, 09-1016 (La.App. 5 Cir. 3/23/10); 39 So.3d 636, 648.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment granting a permar nent injunction.

AFFIRMED

. Mr. Daniel’s first and second appeals were docketed, heard and submitted on. the same day,

, Section XVII.B.2 provides for the termination of the Agreement “[b]y either party, with or without cause, upon providing ninety (90) days prior written notification to the other, or stich greater number of days as is required by law.”

. Mr. Daniel filed a-supervisory writ with .this Court from the trial court’s denial of the stay, which we denied. Daniel v. Allstate, 14-876 (La.App. 5 Cir. 11/14/14) (unpublished writ disposition). He then sought supervisory writs with the Louisiana Supreme Court, which it likewise denied. Daniel v. Allstate, 14-2403 (La.11/18/14), 152 So.3d 887. The record shows that Mr, Daniel represented that he subséquently filed writs with the United States Supreme Court, but the record does not contain any supporting documentation.