600 So.2d 771 (1992)
Robert Leland GUY
v.
Antoinette Stack GUY.
No. 92-CA-140.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
*772 Suzette Marie Smith, Lowe, Stein, Hoffman, Allweiss & Hauvier, New Orleans, for appellant/defendant Antoinette Stack Guy.
Irl R. Silverstein, Gretna, for appellee/plaintiff Robert Leland Guy.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Antoinette Stack Guy, appeals from a judgment in favor of appellee, Robert Leland Guy, holding that life insurance proceeds should not be included as gross income for the purpose of determining his basic child support obligation under the Guidelines for Determination of Child Support. For the reasons which follow, we affirm.
The parties were married on September 16, 1967 and had five children. They divorced and, by judgment dated June 1, 1987, appellee was ordered to pay $3,966.00 per month for child support. On August 6, 1991 appellee filed a Motion to Reduce Support Payments. The parties and their counsel met and resolved all issues between them except one. That issue, and the one presented to the court, was whether life insurance proceeds ($149,975.21) received by appellee upon the unfortunate loss of his son, should be included as gross income in calculating his child support obligation. By judgment dated October 23, 1991, the trial court held that the life insurance proceeds should not be included in gross income, but that the interest on the proceeds should be included.
Appellant sought writs from that ruling. On February 5, 1992, by order of this court, her petition for supervisory writs was converted to an appeal.
Appellant argues that the trial court erred in refusing to include the insurance proceeds as gross income. La.R.S. 9:315(4)(a) defines gross income, in pertinent part, as:
The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation.
Appellant contends that the list is illustrative and gross income includes income from any source whatever. To support this argument, appellant refers to La.R.S. 9:315(6), which defines income[1]. Appellant points out that by including "actual", "potential" and "derivative" income, it evidences an intent to include all income.
Appellant also refers to La.R.S. 9:315(4)(d)[2] which contains exclusions from gross income. She points out that this provision does not exclude life insurance proceeds and argues that it is exhaustive rather than illustrative. Therefore, insurance proceeds should be included in gross income.
Appellee concedes that the Guidelines for Determination of Child Support contain a *773 broad definition of Income and Gross Income. But appellee argues that death benefits, paid under a life insurance policy, constitute "capital" rather than "income" of any sort, and are not included as "gross income" under the statute. Appellee relies on the case French v. Wolf, 160 So. 396 (La.1935) in support of his position.
In French, the Supreme Court considered a similar question, whether installments representing the principal sum of a war risk policy on the life of defendant's first husband should be considered as income in assessing alimony.
After looking to several authorities, the court noted:
In General. Whatever difficulty there may be about a precise and scientific definition of "income", it imports something entirely distinct from the principle or the source of its derivations and it is used in common parlance and in law in contradistinction to "capital", "capital assets", "corpus", "invested capital", "investment", and "property". Viewed from the source of its derivation, the word "income" may be defined to be that gain or profit which accrues, is derived, is gained, or proceeds from business, capital, commerce, investments of capital, labor, lands, occupations, professions, property of any kind, or the like ..."
* * * * * *
The essential difference between capital and income is that capital is a fund; income is a flow. A fund of property existing at an instant of time is called capital. (citations omitted).
The court in French concluded that "there can be no doubt that the word "income" is in no way synonymous with the word "capital". Accordingly the court held that the money representing the face value of the policy of insurance was capital and as such should not be included in a computation of income. We find the French case has application to the case before us.
The Guidelines for Determination of Child Support (La.R.S. 9:315, et seq.), were adopted in 1989 in response to a Congressional mandate to enact a presumptively correct schedule of child support guidelines to be utilized by the court.[3]
Three models of systematic philosophical approaches are most commonly proposed for Child Support Guidelines, the income shares method, the cost sharing method, and the income equalization method.[4] Louisiana adopted its guidelines based on the income shares model, because it is more compatible with Louisiana's public policies regarding a parent's child support obligation.
The major principles of [the income shares] model are that the amount of money required for the support of a minor child is greater than the total cost of the child's subsistence level need, that the required amount is dependant upon the income of the child's parents, and that each parent should contribute toward his or her child's financial support in proportion to that parent's income. These principles are identical to those forming the foundation of Louisiana's child support philosophy prior to the enactment of the new guidelines.... Supra, at footnote 4, p. 1061.
Calculation of the basic child support obligation is based on the "gross income" of the parties (La.R.S. 9:315.2) or, if a party is voluntarily unemployed or underemployed, on his "income earning potential", (La.R.S. 9:315.9). Income is the key factor in our system, not capital or net worth. As stated in French, these concepts are distinctly different. Proceeds paid on a life insurance policy constitute capital and not income. However, correctly pointed out by the trial court, the interest earned on the proceeds should be included as income.
Appellant relies on La.C.C. art. 131(A)(a)(c) which provides, in pertinent part, that "[e]ach parent shall be responsible for child support based on the needs of the child and the actual resources of each parent". (Emphasis provided). Appellant *774 argues that this provision supports her argument that the life insurance proceeds should be considered in setting a child support award.
We agree that capital assets should be considered by the trial judge in determining the appropriate child support due, but not in the calculation of "gross income". Under the Guidelines, specifically La.R.S. 9:315.1, the court is allowed to deviate from the guidelines whenever "their application would not be in the best interest of the child or would be inequitable to the parties." However, this is a matter of judicial discretion and not statutory mandate. The statutes set forth a plan where the basic child support obligation is set only in proportion to "income", and life insurance proceeds are not income. Thereafter, capital may be considered by the trial court to determine if deviation from the guidelines is appropriate.
Accordingly the judgment of the district court, holding that life insurance proceeds are not to be included as "gross income" under La.R.S. 9:315 et seq., to set the basic child support obligation, is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 9:315(6) provides:

"Income" means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source.
[2] La.R.S. 9:315(4)(d) provides:

As used herein "gross income" does not include child support received, or benefits received from public assistance programs, including aid to families with dependant children, supplemental security income, food stamps, and general assistance, or per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.
[3] See: The Family Support Act of 1988, Public L. No. 100-485, 102 Stat. 2343 (1988).
[4] Louisiana's Child Support Guidelines: A Preliminary Analysis, 50 La.L.Rev. 1058 (1990).