736 So.2d 878 (1999)
Lisa Winters McCLELLAND on behalf of the minor child, Alexandra Ann WINTERS, Plaintiff-First Appellant,
v.
Abby James BROUSSARD, Defendant-Appellee & Second Appellant.
No. 98-906.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*879 Joseph R. Joy III, Lafayette, A.I. Stacey Williams Marcel, Paul D. Dugas, Lafayette, for Lisa Winters McClelland et al.
Edward B. Broussard, Abbeville, Kevin Wade Trahan, for Abby James Broussard.
BEFORE: YELVERTON, WOODARD, and PICKETT, Judges.
YELVERTON, J.
This appeal is from a judgment increasing child support payable by the father, Abby Broussard, from $400 a month, the amount fixed in a 1989 judgment, to $1,300 a month. The child is 10 years old. The mother, Lisa Bernard, has custody. The judgment, dated January 1998, recited that Abby's gross monthly income was $10,524; Lisa's was $8,000. Abby's assigned percentage was found to be 55% and Lisa's 45%. Abby's monthly indebtedness was adjudged to be $1,300.
Both parents appealed. Each complained that the child support obligation fixed at $2,333 was incorrect, Lisa claiming it is not enough and Abby that it is too much.
The standard for appellate review concerning child support determinations is well settled in our jurisprudence. The trial court is granted great discretion regarding the modification of child support decrees; therefore, we should not disturb the trial court's determination absent an abuse of discretion. Young v. Young, 95-1154 (La.App. 3 Cir. 4/17/96); 673 So.2d 1154. The amount of $2,333 was recommended by a hearing officer and approved by the district court after a trial. We have closely examined the evidence. Although both sides present several general and a few specific arguments that this amount ought to be more or less, the arguments do not convince us that the judge abused his discretion, and we will say no more about this common assignment of error.
Both parties also dispute the findings of the trial court as to the gross monthly income of the other. We will take up Lisa's income first.

*880 LISA'S GROSS MONTHLY INCOME
Her assignment is that the trial court erred in calculating her gross monthly income at $8,000 rather than $4, 666 as per the findings of the hearing officer.
The trial judge calculated Lisa Bernard's monthly gross income based on La. R.S. 9:315(6)(c) which allows consideration of a second spouses's income to the extent that that income directly reduces a party's actual expenses. By factoring in Lisa's husband's income, the trial judge determined that Lisa's monthly gross income totaled $8,000.
This was not error. In calculating a party's income for child support purposes, it is within the trial court's discretion to include or disallow the income of that party's current spouse. La.R.S. 9:315(6)(c); Pendergrass v. Pendergrass, 94-1165, 94-1629 (La.App. 4 Cir. 1/26/96); 667 So.2d 1213, writ denied, 96-0719 (La.4/26/96); 672 So.2d 908. Further, the amount imputed is within the trial judge's wide discretion. Hargroder v. Hargroder, 96-583 (La.App. 3 Cir.1996); 682 So.2d 999, writ denied, 96-2921 (La.1/24/97); 686 So.2d 868. Therefore, we review the trial judge's determination for an abuse of discretion.
The record contains sufficient evidence to support the findings that Mr. Bernard's income is used to directly reduce Lisa's living expenses. Mr. Bernard and Lisa operate an oil and gas accounting business, My Accountant, Inc., from their family home. Each owns a 50% interest in the company. Neither spouse draws a salary; rather, all of the business expenses and living expenses are paid from the My Accountant, Inc. checking or bank accounts. Clearly, the income derived from this jointly owned business pays the household expenses and directly reduces Lisa's actual expenses. Cf. LaForge v. LaForge, 26,317 (La.App. 2 Cir. 1/25/95); 649 So.2d 151.
We recognize that the trial court's written reasons for judgment contain an obvious error in addition, as $2,500 + $4,496 results in a sum of nearly $7,000 rather than $8,000. Whether the error was made in the shared expense benefit or in the total is unknown, but we have resolved the issue by testing the $8,000 figure for an abuse of discretion. We find none.

ABBY'S GROSS MONTHLY INCOME
The next issue is Abby's gross monthly income. The trial court found that Abby's monthly income was $10,524 a month. The trial court accepted the testimony of Abby and his accountant, Rosie Varnado, in determining his gross monthly income. His affidavit of income and expenses, which was prepared by Ms. Varnado, attested that his gross monthly income was $10,524 per month in 1997. In their testimony both Ms. Varnado and Abby stated that this amount did not include $51,000 from N.R. Broussard Landing, Inc., which directly paid the premiums on two life insurance policies-one insuring Abby's life and the other insuring his father's life. Abby owns an interest in N.R. Broussard Landing and receives a considerable annual income from the company, in addition to the $51,000 a year paid directly for insurance. Lisa argues that $51,000 is "income" for purposes of calculating Abby's gross monthly income. Abby maintains, however, that this should not be considered in the calculation of his gross monthly income since he does not have access to this money as the funds are paid directly to pay the premiums for the life insurance policies. The trial court did not include the premiums in income.
We cannot agree that this money should not be considered in the calculation of Abby's gross monthly income. He stated that the W-2 form he receives from N.R. Broussard Landing, Inc., reflects "[s]alaries and insurance policy for me and my kids." Regarding the monies paid to the insurance policy on his father's life, Abby stated, "... it's a policy being paid for when daddy dies, that we can save some taxes for us and our kids." Abby *881 still earns the money that pays these insurance premiums-it is a share in the revenues in a company in which Abby is part owner.
Ms. Varnado's testimony supports our view. She testified that, in 1997, approximately $86,000 of Abby's income was attributable to N.R. Broussard Landing, Inc. However, none of this money was deposited in Abby's account. Approximately $52,000 paid the life insurance premiums on Abby and his father; the rest of the money was paid for stock Abby owned at Broussard Brothers and for "the different things he (Abby) owes." Of the $52,000 paid for the life insurance, $40,800 went to the father's policy while $11,000 went to Abby's policy.
On this appeal Abby attempts to support this ruling by citing Guy v. Guy, 600 So.2d 771 (La.App. 2 Cir.1992), which held that life insurance proceeds could not be considered income for purposes of the child support calculation; rather, life insurance proceeds constituted capital and therefore were not included as "gross income" for the purpose of calculating one's child support obligation. Guy does not apply to our present case. We are not dealing here with the proceeds of a policy but with premiums on the policy. Abby paid the premiums with his income and the money used to pay the premiums did not cease to be income merely because it was used to pay premiums and not something else. La.R.S. 9:315(4)(a) defines "gross income" as:
The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation.
Considering the definition of income, we conclude that the money paid by N.R. Broussard Landing, Inc. directly to the insurance company for insurance policies issued in the name of Abby Broussard and N.R. Broussard, Sr. is income that should be considered in the calculation of his gross monthly income and his child support obligation. Abby cannot escape the fact that this money, which is provided to him monthly as part owner of N.R. Broussard Landing, Inc. is a share in the revenues of a business regardless of how it is eventually invested. Reassigning this $51,000-$52,000, Abby's gross monthly income is approximately $15,000.00 per month.
Lisa's last assignment of error is that the trial court erroneously failed to find Abby in contempt of court. We will not elaborate on our reasons for rejecting this contention, but will simply state that the record establishes a reasonable basis for the refusal to hold him in contempt. See Hawkins v. Hawkins, 592 So.2d 843 (La. App. 3 Cir.1991).

CONCLUSION
We affirm the finding by the trial court that the basic child support obligation be set at $2,333.00 per month. We add to the calculation Abby's income from N.R. Broussard Landing, Inc. and find his monthly gross income to be $15,000. We affirm the trial court's determination of Lisa's monthly gross income to be $8,000.
We recast the judgment, retroactive to June 12, 1997, and order that Mr. Abby Broussard pay $1,516.45 per month in addition to 65% of the minor child's medical expenses. We further order Mrs. Lisa Bernard to pay $816.55 per month. We also affirm the trial court's dismissal of the contempt charges against Mr. Abby Broussard. Mr. Broussard will pay all costs.
AMENDED AND AFFIRMED.