775 So.2d 1237 (2000)
Bonnie Melancon KELLY
v.
John Anthony KELLY.
No. 99 CA 2478.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1239 Harry P. Pastuszek, Jr., David S. Pittman, Mandeville, for Defendant-Appellant John Anthony Kelly.
Tony G. Sanders, Leigh Anne Wall, Covington, for Intervenor-Appellee State of Louisiana.
Bonnie Melancon Kelly, Mandeville, In Proper Person Plaintiff-Appellee.
Before: PARRO, GUIDRY, JJ., and SIMON,[1] Judge Pro Tem.
GUIDRY, J.
The father appeals the judgment of the trial court ordering him to pay $162.00 a month in child support for the care of his two minor children, in addition to sums received by the children from the Social Security Administration because of the father's disability, and ordering him to pay 31 percent of the children's private school tuition.

FACTS AND PROCEDURAL HISTORY
The parties to this action, John Anthony Kelly and Bonnie Melancon Kelly, were married on June 22, 1980, in Thibodaux, Louisiana. Of their marriage, two children were born, namely, Jenna Rene Kelly, born December 31, 1984, and Stephen John Kelly, born January 2, 1986.
On May 31, 1994, Ms. Kelly filed for divorce in the Seventeenth Judicial District Court in and for the Parish of Lafourche. Prior to the granting of the judgment of divorce, the parties entered into a consent judgment agreeing to share joint custody of the children with Ms. Kelly being designated as the custodial parent. Further, the parties agreed that Mr. Kelly would be obliged to pay $731.50 per month in child support and 55 percent of the registration and tuition expenses of the children to attend private school. A judgment giving effect to this agreement was signed by the trial court on September 12, 1994. A judgment of divorce was subsequently rendered on January 13, 1995, and that judgment incorporated by reference the September 12, 1994, child custody and support judgment.
Prior to and during the course of the divorce proceedings, Mr. Kelly resided in areas outside of the United States as a consequence of his employment. In January 1994, Mr. Kelly was injured while working in Nigeria. He was later transferred to Indonesia where he met his second wife, Lina, an Indonesian national whom he married in April of 1995 following his divorce. Because of the injuries suffered by Mr. Kelly, he stopped working in March of 1995, and began receiving disability benefits from his employer in the amount of $2,250.00 per month.
On December 13, 1995, Ms. Kelly filed an ex parte petition to make prior child custody and support judgments, rendered in Lafourche Parish on September 12, *1240 1994, and August 8, 1995,[2] executory in St. Tammany Parish. An order in conformity with the petition was rendered on December 19, 1995, making the judgments executory and subject to enforcement and modification in the Parish of St. Tammany. Subsequently, a judgment reducing Mr. Kelly's child support obligation was rendered on February 22, 1996, in Lafourche Parish. In that judgment, Mr. Kelly was ordered to pay the reduced sum of $460.00 a month, commencing December 11, 1995. He was also held responsible for 39 percent of all tuition expenses incurred for the private school education of the minor children.
In November of 1996, Mr. Kelly settled a personal injury suit he filed in connection with the injuries he had suffered in January 1994. As a result of the settlement, Mr. Kelly received $825,000.00 and his disability benefits were terminated. After the deduction of attorney's fees, medical costs and other expenses, Mr. Kelly was left with a net recovery of $445,527.43 from the proceeds of the settlement.
In May 1997, Ms. Kelly received a lump sum payment of $12,840 representing past due payments of Social Security benefits owed to the minor children retroactive October 1995. Thereafter, Ms. Kelly began receiving monthly Social Security payments in the amount of $658.00 per month for the two minor children.[3] Mr. Kelly also received a lump sum payment of $16,796.00 representing past due Social Security benefits owed to him. Thereafter, he began receiving monthly payments of $1,272.00, which were subsequently increased to $1,300.00 per month in January 1998.
On May 15, 1997, Ms. Kelly filed a rule to increase child support, for contempt, and for an income assignment order based on the alleged failure of Mr. Kelly to maintain dental insurance coverage for the minor children, for failure to pay his share of the children's private school tuition, and for being consistently late in making his child support payments. In response to the rule filed by Ms. Kelly, Mr. Kelly filed a motion to dismiss Ms. Kelly's rule alleging that her petition failed to conform with the formalities mandated under La. C.C.P. art. 891. Also, in that motion, Mr. Kelly requested the imposition of sanctions against Ms. Kelly for violation of La. C.C.P. art. 863, and further requested modification of the existing custody arrangements and reduction and/or abatement of his existing child support obligation.
Following a period of discovery and hearings on the reciprocal motions to compel discovery and for sanctions, a trial on this matter was held on September 16, 1998, in St. Tammany Parish. On November 6, 1998, a judgment was rendered reducing Mr. Kelly's child support payments to $162.00 per month and reducing his share of all tuition expenses to 31 percent. Mr. Kelly then filed a motion for new trial, for reargument only, which was granted by the trial court. By a judgment dated March 29, 1999, the trial court vacated the November 6, 1998 judgment and issued a new judgment in conformity with its oral reasons for judgment rendered in open court on September 16, 1998. The March 29, 1999 judgment amended the amount of arrearages Mr. Kelly was found to owe for past due child support and tuition payments. In respect to the amount of child support and percentage of tuition Mr. Kelly was ordered to pay, the judgment remained the same.
*1241 Mr. Kelly subsequently filed a motion to appeal the March 29, 1999, judgment and an order granting the appeal was signed on May 11, 1999.[4]

ASSIGNMENTS OF ERROR
Mr. Kelly alleges that the trial court erred in the following respects:
A. The trial court erred in failing to recognize John Kelly's disability and in increasing the amount of child support paid by him to Bonnie Kelly from $460.00 per month to $834.48 per month, deviating from the child support guidelines.
B. The trial court erred by not taking into account Social Security benefits paid to Bonnie each month on behalf of the minor children as a result of John Kelly's disability, when calculating the child support obligation of John Kelly, and in failing to offset John Kelly's obligation of support based upon the Social Security benefits received by Bonnie on behalf of the minor children as a result of John's disability.
C. The trial court erred in failing to properly allocate the monthly and lump sum Social Security benefits received by Bonnie Kelly on behalf of the minor children as a result of John Kelly's disability, resulting in a windfall to Bonnie Kelly of $12,800.00, and monthly child support in excess of $1,000.00 per month, in deviation from the child support guidelines at [La.] R.S. 9:315 et seq.
D. The trial court erred when it included the private school tuition of the minor children as part of John Kelly's child support obligation even though he is disabled and his monthly Social Security disability benefits are his sole source of income and there was no proof by Bonnie that the children have particular educational needs which must be met by private schooling as opposed to the public schooling available in St. Tammany Parish.

DISCUSSION
In his first two assignments of error, Mr. Kelly essentially alleges that the trial court deviated from the child support guidelines by ordering that he pay the sum of $162.00 a month in addition to the Social Security benefits received by the children as a result of his disability. He also raises as error the trial court's failure to give him credit for the lump sum payment of benefits received by Ms. Kelly in May of 1997. Basically, Mr. Kelly contends that it was error for the trial court to order that he pay any additional sum in support of the children in light of the Social Security benefits being received by them. He further argues that receipt of the benefits alone exceeds any sum he would be required to pay under the guidelines and, therefore, there should remain no obligation for further payment of child support on his part.
In response, Ms. Kelly argues that the amount of Mr. Kelly's personal injury settlement should be considered income since his receipt of the settlement funds resulted in the discontinuation of monthly disability payments from his employer.
Louisiana Revised Statute 9:315.1(A) states, in pertinent part, that the "guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989." Further, La. R.S. 9:315.2(D) states that the trial court "shall determine the *1242 basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding." There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support. La. R.S. 9:315.1(A); Campbell v. Campbell, 95-1711, p. 5 (La.App. 1st Cir.10/10/96), 682 So.2d 312, 317.
Louisiana Revised Statute 9:315(1) defines adjusted gross income as follows: "gross income, minus amounts for preexisting child support or spousal support obligations paid to another who is not a party to the proceedings, or on behalf of a child who is not the subject of the action of the court." According to La. R.S. 9:315(4), gross income means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
(d) As used herein, "gross income" does not include:
(i) Child support received, or benefits received from public assistance programs, including Family Independence Temporary Assistance Program, supplemental security income, food stamps, and general assistance.
(ii) Per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.
(iii) Extraordinary overtime or income attributed to seasonal work regardless of its percentage of gross income when, in the court's discretion, the inclusion thereof would be inequitable to a party.
Under La. R.S. 9:315(6), income means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.
Our review of the record indicates that, at the time of trial, Ms. Kelly's gross monthly income was $3,282.78, Mr. Kelly's gross monthly income was $1,315.95, and *1243 the combined gross monthly income of the two parties was $4,598.73, which results in a basic child support obligation of $1,012.00 per month for the two minor children. See La. R.S. 9:315.14. Mr. Kelly's share of the child support obligation ordinarily would be $293.48 per month or 29 percent. The sum of Social Security benefits being received by the minor children is $672.48. Mr. Kelly is entitled to a credit for the amount of Social Security benefits being paid to the minor children on his behalf, which completely offsets the amount owed by Mr. Kelly under the guidelines. See Corley v. Corley, 600 So.2d 908, 910 (La.App. 4th Cir.1992); McCloud v. McCloud, 544 So.2d 764, 767 (La.App. 3rd Cir.1989); Faul v. Faul, 548 So.2d 957, 960 (La.App. 3rd Cir.1989). Based on this evidence alone, it would appear that the trial court deviated from the guidelines in the award rendered.
Further, considering the cases of Green v. Scott, 29,197 (La.App. 2nd Cir.1/22/97), 687 So.2d 655, and Guy v. Guy, 600 So.2d 771 (La.App. 5th Cir.1992), we see no basis for regarding the personal injury settlement as Mr. Kelly's income as argued by Ms. Kelly.
In Green, the court was confronted with the issue of whether to include lottery proceeds in the calculation of child support. In affirming the trial court's decision to regard the proceeds as income, the appellate court stated that "we find the appellant's annual lottery proceeds must be considered as `gross income' even though they represent an unearned flow of funds and are in the nature of a prize." Green, 29,197 at 5, 687 So.2d at 658. In reaching that conclusion, the court analogized the annual payment of the proceeds to annuities, trust income, severance pay and capital gains, all of which are considered income for the purposes of La. R.S. 9:315(4)(a).
In Guy, the court came to a different conclusion when it considered whether to include as "income" the life insurance proceeds received by a father as the result of his son's death. In that case, the court held that the life insurance proceeds did not constitute "income" but instead constituted "capital" and therefore should not be considered in the calculation of child support. Guy, 600 So.2d at 773.
The major distinguishing aspect of these two cases is the manner in which the fathers received the money. In Green, the proceeds of the lottery winnings were to be received by the father in 20 annual payments of $58,853.25. Green, 29,197 at 1, 687 So.2d at 656. In Guy, the father received a lump sum payment of $149,975.21 representing the proceeds from the life insurance policy for his son. Guy, 600 So.2d at 772. Likewise, Mr. Kelly received a lump sum payment of $825,000.00, of which he was entitled to $445,527.43. As such, the situation presented in this case is more analogous to that of the father in Guy. As stated in that case: "The essential difference between capital and income is that capital is a fund; income is a flow. A fund of property existing at an instant of time is called capital." Guy, 600 So.2d at 773 quoting French v. Wolf, 181 La. 733, 160 So. 396 (1935). Mr. Kelly's receipt of the personal injury settlement in a lump sum is not a "flow" but rather a "fund" and, therefore, the personal injury settlement should not be considered "income" for the purpose of calculating Mr. Kelly's child support obligation under the guidelines.
However, that is not to say that the personal injury settlement received by Mr. Kelly should not be considered at all or that the trial court erred in considering those monies, if they were so considered. We find that the proper way to account for these funds as articulated by the court in Guy, which stated:
We agree that capital assets should be considered by the trial judge in determining the appropriate child support due, but not in the calculating of "gross income." ... The statutes set forth a plan where the basic child support obligation *1244 is set only in proportion to "income", and life insurance proceeds are not income. Thereafter, capital may be considered by the trial court to determine if deviation from the guidelines is appropriate.
Guy, 600 So.2d at 774. Therefore, in finding that the amount paid to Mr. Kelly to settle his personal injury case was not "income," such sum could not be used in calculating his gross income, but could be considered to justify a deviation from the guidelines in setting the child support award. Moreover, any interest or other returns from an investment of this sum should constitute "income" for purposes of determining child support obligations.
A thorough review of the record reveals that neither the judgment nor the trial court's oral reasons for judgment specify any reasons justifying a deviation. In its oral reasons for judgment, the trial court simply stated that "[o]n Mrs. Kelly's rules for increase, at this time, I'm going to order that Mr. Kelly pay the amount of $162 a month in addition to the Social Security benefits that are currently being paid[.]" No further explanation was given as to how the trial court determined that $162.00 a month, in addition to the Social Security benefits received, was the proper amount to award under the circumstances.
The trial court erred in failing to give oral or written reasons, of record, stating the particular facts or circumstances that it believed warranted a deviation from the guidelines. See La. R.S. 9:315.1(B). The purpose of this requirement is to show that there is an evidentiary basis for the deviation and to preserve a record for later review and modification. Stogner v. Stogner, 98-3044, p. 7 (La.7/7/99), 739 So.2d 762, 767. If there is sufficient evidence in the record to render a decision in the case, remand is unnecessary, even if some of the required documentation is lacking. Barrios v. Barrios, 95-1390, p. 5 (La.App. 1st Cir.2/23/96), 694 So.2d 290, 293, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691.
However, considering the peculiar circumstances of the case before us, we find it necessary to remand this matter.
In this case, Mr. Kelly's receipt of the settlement proceeds and financial gifts from his current wife's family indicate that his resources are more extensive than that reflected by his actual income.[5] These resources may very well support and justify deviating from the guidelines in awarding child support to the minor children. Unfortunately, the record does not contain sufficient evidence, such as expert testimony regarding the expected monthly yield of interest income on the settlement proceeds had they been invested, to properly calculate the amount of any deviation. We find that the trial court should have received and considered evidence concerning whether the settlement of Mr. Kelly's personal injury suit impacted his income earning potential to the extent that the sums received may have reduced his earning potential or replaced lost future wages. We therefore remand this matter to the trial court for the receipt of such evidence. On remand, we further require that the trial court provide specific oral or written reasons for any deviation from the child support guidelines, including a finding as to the amount of child support that would result from a mechanical application of the guidelines, and the figures and circumstances considered for determining the amount of any deviation. Aguilar v. Wilson, 607 So.2d 837, 838 (La.App. 1st Cir. 1992).
As to Mr. Kelly's final assignment of error contesting the inclusion of private school tuition in the award of child support, we find this assignment of error to *1245 lack merit. A trial court's decision to add private school tuition expenses to the basic child support obligation will not be disturbed, unless it is an abuse of the trial court's discretion. Valure v. Valure, 96-1684, p. 3 (La.App. 1st Cir.6/20/97), 696 So.2d 685, 687. La. R.S. 9:315.6(1) allows for the inclusion of private school educational expenses in an award for child support by either agreement of the parties or by order of the court upon a finding that private schooling is necessary to meet the particular educational needs of the child.
In the case before us, Mr. Kelly admits that he agreed to allow the children to attend private school when the children resided in Thibodaux, but said he no longer consents to such an arrangement because he believes there no longer exists a need for the children to attend private schools in order to receive a quality education. Mr. Kelly contends that the public schools in Mandeville, where the children currently reside, provide a better quality of education than the schools in Thibodaux, where the children formerly resided.
In the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school. Campbell, 95-1711 at 11, 682 So.2d at 320. A particular educational need of a child to remain in private school includes consideration of the child's history of attending a private school and whether a continuation of their education in that setting is in the child's best interest. Buchert v. Buchert, 93-1819, p. 12 (La.App. 1st Cir.8/26/94), 642 So.2d 300, 307. Additionally, the jurisprudence has consistently found it to be in the best interest of the child to continue attending private schools if the child had attend private schools for years. Valure, 96-1684 at 4, 696 So.2d at 688; Trahan v. Panagiotis, 94-1281, p. 5-6 (La.App. 3rd Cir.4/5/95), 654 So.2d 398, 400-401, writ denied, 95-1720 (La.10/27/95), 661 So.2d 1350; Schulz v. Schulz, 630 So.2d 847, 850 (La.App. 4th Cir.1993); Widman v. Widman, 619 So.2d 632, 637 (La.App. 3rd Cir.1993); Corley, 600 So.2d at 909.
In this case, both parties testified that the children have always attended private schools and Ms. Kelly further testified concerning the greater educational opportunities provided to her daughter by the particular private school attended. This evidence is sufficient to support the trial court's finding that the inclusion of private school costs in the support award were necessary to meet the particular educational needs of the children. We see no reason to disturb this finding by the trial court and, accordingly, reject this assignment of error.

CONCLUSION
For the foregoing reasons, the March 29, 1999 judgment of the trial court is set aside as it relates to the child support payment of $162.00 per month. This matter is remanded for further proceedings consistent with the views expressed in this opinion. On remand, the trial court shall proceed expeditiously and hear this matter by preference and priority to the extent practical. This court retains jurisdiction to determine whether the trial court erred in deviating from the guidelines after it has supplied the requested information. All costs of this appeal are to be assessed upon the final determination of this matter.
AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED FOR EXPEDITED HEARING.
PARRO, J., concurs.
NOTES
[1] Judge Anne L. Simon, of the Sixteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In the August 8, 1995 judgment, Mr. Kelly was ordered to pay the reduced sum of $501.82 per month in support of the two minor children. The judgment further modified the prior child custody arrangement to grant sole custody of the two minor children to Ms. Kelly.
[3] In January 1998, the amount of Social Security benefits paid on behalf of the minor children was increased to $672.48 based on a 2.2 percent increase authorized by the Social Security Administration. This same increase was applied to the benefits received by Mr. Kelly.
[4] After the lodging of the appeal, a motion was filed with this court on behalf of the state requesting to supplement the record on appeal. Consideration of the motion to supplement the record on appeal was deferred to the merits of this appeal. However, our review of the record reveals that information sought to be introduced into the record is already a part of the record. We, accordingly, deny the motion to supplement for this reason.
[5] Parents, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. La. C.C. art. 227. The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. Stogner, 98-3044 at 5, 739 So.2d at 766.