928 So.2d 1 (2005)
Emile L. SALLES, Jr.
v.
Annette Heidi Annemarie SALLES.
No. 2004 CA 1449.
Court of Appeal of Louisiana, First Circuit.
December 2, 2005.
*2 Steve LeBlanc, Baton Rouge, Counsel for Appellee Janet Anne Salles Chenevert, Executrix of the Estate of Emile L. Salles, Jr.
Vincent A. Saffiotti, Baton Rouge, Counsel for Appellant Annette Heidi Annemarie Salles.
Before: CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, McDONALD, McCLENDON, HUGHES, and WELCH, JJ.[1]
KUHN, J.
This appeal involves a child support dispute. We have reviewed the trial court's judgment denying petitioner's claim for child support arrearages due under the terms of four deeds issued by the District Youth and Welfare Office of the District Government Heilbronn in Germany and made executory in this state. We have further reviewed the trial court's modification of respondent's child support obligation. For the following reasons, we reverse the trial court's judgment, which found that respondent owed no arrearages and no further child support upon modification of the German deeds. Furthermore, we render judgment awarding child support arrearages and establishing the child support obligation owed by respondent after he filed his petition for modification until his death.[2]

*3 I. FACTUAL AND PROCEDURAL BACKGROUND
Petitioner, Annette Heidi Annemarie Salles, a German citizen, and respondent, Emile L. Salles, Jr., a citizen of the United States and a resident of East Baton Rouge Parish, were married in 1985.[3] Thereafter, Mr. and Mrs. Salles resided in Louisiana, and four children were born of their marriage between 1985 and 1991. Their children are citizens of both Germany and the United States. In March 1998, the Salles family traveled to Germany to visit relatives and to attend a wedding. Mrs. Salles decided to stay in Germany with the children, and she and Mr. Salles separated on or about April 1, 1998. Mr. Salles returned to the United States at the end of April 1998.
Before Mr. Salles left Germany, Mrs. Salles filed a petition for separation with the District Court Heilbronn, Family Court, in Heilbronn, Germany, wherein she requested custody of the four minor children. Also prior to leaving Germany, Mr. Salles filed a letter with the court acknowledging that the children would be better cared for in his wife's custody. Pursuant to four separate deeds of the District Government Heilbronn, District Youth and Welfare Office, one addressing each child, Mr. Salles obligated himself in accordance with the German Code of Civil Law to guarantee the following monthly child support payments, beginning on May 1, 1998: 1) Rosanna Salles, 539 Deutsche Mark (DM) per month; 2) Lars Salles, 434 DM per month; 3) Dominik Salles, 434 DM per month; and 4) Heidi Salles, 434 DM per month. The four deeds resulted in Mr. Salles' total monthly child support obligation of 1841 DM per month (approximately $1,084.83 per month upon conversion of the DM to United States dollars).[4]
Thereafter, by court order dated May 27, 1998, the German court determined that the children had legally established their habitual abode and residence in Germany, citing section one of the Hague Convention for the Protection of Minors. Based on the parents' mutual agreement, the court awarded the parental care and custody of the children to Mrs. Salles.
In August 1999, Mr. Salles filed a petition for divorce in the Family Court for the Parish of East Baton Rouge. A judgment of divorce was granted in his favor on September 30, 1999.
For a period of time, Mr. Salles paid his support obligation as set forth in the German deeds. Mrs. Salles alleges that, in August 1999, Mr. Salles fell into arrears. Although the United States Social Security Administration ("SSA") had been paying social security benefits directly to the children since before the German deeds were executed, Mr. Salles began, in August 1999, offsetting the amount of his support payments by the amount that the children were receiving in benefits.[5] In the months that followed, Mr. Salles either sent no payment, or he sent a partial payment that supplemented the social security benefits. By adding his payments to the social security benefits paid to the children, he calculated *4 that he was satisfying his support obligation under the German deeds.[6]
Mrs. Salles did not consider the amounts she received on behalf of the children in social security benefits as payment of child support. On October 8, 2003, Mrs. Salles filed a petition to enforce the German deeds. Mr. Salles responded by filing an answer and reconventional demand on November 4, 2003. He prayed for the East Baton Rouge Parish Family Court to make the German deeds executory, but he denied that he had violated the terms of the deeds. He further sought a reduction of his support obligation based on his present income.
Based on a stipulation of the parties, the trial court, by judgment dated January 27, 2004, made the German deeds executory in the Parish of East Baton Rouge, State of Louisiana, "as if they had been a Judgment of this Court rendered in an ordinary proceeding." A March 29, 2004 hearing was held to determine whether arrearages were due under the terms of the German deeds and to determine whether Mr. Salles' support obligation should be modified.
By judgment dated April 15, 2004, the trial court denied Mrs. Salles' claim for an arrearage judgment, finding Mr. Salles owed no arrearages "as a result of social security benefits paid by the U.S. Government to the children during the time period specified." The judgment further recalculated Mr. Salles' support obligation and determined that he owed no additional child support. The judgment specified Mr. Salles' monthly income was $1,373, Mrs. Salles' monthly income was $900, Mr. Salles' percentage share of the combined income was 55.5%, rounded up to 56%, and Mrs. Salles' percentage share of the combined income was 44%. The judgment also set forth that the basic child support obligation was $868 per month, and the trial court added thereto $65 per month for health insurance maintained by Mrs. Salles. Based on these figures, the trial court ultimately concluded that Mr. Salles' basic child support obligation was $522, and that "[b]ecause the minor children receive social security benefits in the approximate amount of $780.00 per month, there should be no child support due and owing by [Mr. Salles] unto [Mrs. Salles]."
Mrs. Salles has appealed, urging the trial court erred in failing to award an arrearage judgment and in affording Mr. Salles a credit for social security benefits paid to the children. Alternatively, Mrs. Salles argues that the trial court erred in not holding Mr. Salles responsible for the difference between the initial child support order, which was approximately $1,084.83 per month, and the $780 per month social security benefit credit recognized by the trial court. Further, Mrs. Salles argues that upon modifying the child support award, the trial court erred in finding that no support was due.

II. ANALYSIS

A. Arrearages
Mrs. Salles argues that the trial court erred by failing to award her an arrearage judgment in the amount of $58,786.81. During the proceedings below, Mr. Salles contested Mrs. Salles' calculations, contending her calculations did not properly reflect a $22,000 child support *5 payment and also did not reflect the social security benefits that the children received.
During the hearing, the parties disputed whether the $22,000 payment, dated April 30, 1998, was intended as a child support payment or an alimony payment.[7] Because the trial court found Mr. Salles owed no arrearages, and our review of the record confirms that the amount of social security benefits received by the children was significantly less than Mrs. Salles' total arrearages claim, the trial court apparently determined that Mr. Salles' $22,000 payment was a child support payment.[8] The trial court was presented with conflicting evidence regarding this point, and we find no manifest error in the trial court's implicit conclusion that the payment was for child support. A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
With respect to the social security benefits paid to the children by the SSA, Mrs. Salles asserts that Mr. Salles is not entitled to a credit against his child support arrearages for these benefits. She contends that to allow such a credit would constitute a collateral attack on the initial child support obligation established in the German deeds and made executory in this state. Mr. Salles, citing La. R.S 13:4242, responds that he is entitled to raise all of the defenses he would have raised if the suit had been originally filed in Louisiana.
Louisiana Revised Statutes 13:4242 provides in pertinent part:
The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
Although this statute recognizes that a judgment in a foreign proceeding shall be treated in the same manner as a judgment of a court of this state, it does not authorize a collateral attack on the foreign judgment. A collateral attack is defined as an attempt to impeach a decree in a proceeding not instituted for the express purpose of annulling it. Edwards v. Edwards, 99-994, p. 5 (La.App. 3d Cir.12/22/99), 755 So.2d 331, 334-35. As the Supreme Court stated in Allen v. Commercial Nat. Bank, 243 La. 840, 147 So.2d 865, 868 (1962), "No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio." "A judgment rendered by a Court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in *6 a direct action of nullity. It cannot be collaterally attacked." Edwards v. Edwards, 99-994 at p. 5, 755 So.2d at 334, quoting Price v. Price, 326 So.2d 545, 548 (La.App. 3d Cir.1976).
In the present case, Mr. Salles has neither directly attacked the validity of the German deeds nor the Louisiana judgment making the deeds executory. In fact, Mr. Salles has recognized the validity of the deeds and stipulated that the deeds were to be made executory. His attempt to now offset his obligation pursuant to the deeds by the amount of the social security benefits is a prohibited collateral attack.
Mr. Salles appeared before the clerk of court of the District Government Heilbronn with his sister-in-law as a translator, and he agreed to the amounts set forth in the deeds. The evidence establishes that the children were receiving the social security benefits at the time the German deeds were executed. Accordingly, Mr. Salles had the opportunity to present the offset defense before the German tribunal, but he failed to do so. It is improper for us to now consider the merits of this defense with respect to Mrs. Salles' enforcement of the German deeds. Thus, the trial court improperly adjusted the child support obligation that had accrued before Mr. Salles filed his motion for modification.
For these reasons, we find that Mrs. Salles established she is entitled to a judgment awarding child support arrearages in the amount of $30,052.82. We derive this amount based on Mrs. Salles' arrearage calculations at the beginning of November 2003, reduced by the $22,000 payment that she failed to reflect as a child support payment.[9] Mr. Salles' reconventional demand seeking modification of his support obligation was filed on November 4, 2003. We next address his support obligation that accrued after that date.[10]

B. Modification of Support Judgment[11]
Louisiana Revised Statutes 9:311 A provides, "An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award."
Mr. Salles, who was seventy-six years old at the time of the hearing, sought a reduction in his child support obligation based on his decreased retirement income. Regarding the modification sought, Mrs. Salles neither challenges that there has been a material change in circumstances nor the amount of income that the trial court assigned to each party. She challenges, however, the correctness of the *7 trial court's mathematical calculations regarding the amount of the support obligation and, again, whether Mr. Salles is entitled to a credit pursuant to Louisiana Revised Statutes 9:315.7 for the social security benefits received by the children.
The record establishes that in recalculating the support obligation, the trial court made errors in its mathematical calculations in determining the combined, monthly, adjusted gross income of the parties and in determining each party's percentage share of income. Accordingly, due to these errors, we recalculate the child support obligation owed by Mr. Salles after November 4, 2003, the date upon which he requested modification of his child support obligation.
Mrs. Salles' monthly gross income was $900, and Mr. Salles' monthly gross income was $1,373, resulting in a combined, monthly, adjusted gross income of $2,273. Based on this income and according to the child support schedule, the basic child support obligation for the Salleses' four children was $812. La. R.S. 9:315.19. To that figure, we add the children's health insurance premium cost of $65.[12]
We further find the trial court did not abuse its discretion in determining that Mr. Salles was entitled to the benefit of a deduction based on the amounts received by the children in social security benefits from the date he requested the modification, November 4, 2003. Louisiana Revised Statutes 9:315.7 A states, "Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation." See Kelly v. Kelly, 99-2478, p. 8 (La.App. 1st Cir.12/22/00), 775 So.2d 1237, 1243, writ denied, 01-0234 (La.3/23/01), 787 So.2d 1001, wherein this court determined that the father of two minor children, who received social security benefits as a result of their father's disability, was entitled to a credit for the amount of the benefits paid. Accordingly, in determining Mr. Salles' child support obligation, the trial court was legally correct in allowing an appropriate deduction for the benefits received by the children. We next address the manner in which this deduction is to be applied.
Louisiana Revised Statutes 9:315.7 A directs that this deduction, when allowed by the court, should be subtracted "from the basic child support obligation." When the Kelly court applied the deduction, however, it allowed the deduction as an offset against the father's percentage share of the basic child support obligation:
[A]t the time of trial, Ms. Kelly's gross monthly income was $3,282.78, Mr. Kelly's gross monthly income was $1,315.95, and the combined gross monthly income of the two parties was $4,598.73, which results in a basic child support obligation of $1,012.00 per month for the two minor children. . . . Mr. Kelly's share of the child support obligation ordinarily would be $293.48 per month or 29 percent. The sum of Social Security benefits being received by the minor children is $672.48. Mr. Kelly is entitled to a credit for the amount of Social Security benefits being paid to the minor children on his behalf, which completely offsets the amount owed by Mr. Kelly under the guidelines. . . . (Citations omitted.)
Kelly v. Kelly, 99-2478 at p. 8, 775 So.2d at 1242-43.
*8 Based on this application of the deduction, the Kelly court found that the father owed no child support under the statutory guidelines based on this evidence alone.[13] We now recognize that the manner in which the deduction was applied is contrary to the directive of Louisiana Revised Statutes 9:315.7 A that a deduction for income of the child be taken "from the basic child support obligation." Accordingly, we overrule that part of the Kelly decision that directs that the deduction be applied against only the percentage share of the basic child support obligation owed by the parent seeking the deduction.[14]
We calculate Mr. Salles' child support obligation, allowing a deduction from the basic child support obligation in the amount of the monthly social security benefits received by his children. When Mr. Salles requested the modification of his support obligation, his children were receiving monthly, in globo social security benefits of $768. Thus, we subtract this amount from the basic child support obligation pursuant to La. R.S. 9:315.7. Accordingly, we find that the total monthly child support obligation was $109 ($812 basic child support obligation, plus $65 for the children's health insurance premium cost, minus $768 for the children's social security income). Mr. Salles' percentage share of the combined income was 60.4%, resulting in a monthly child support obligation of $65.84 based on the obligation worksheet ($109 × 60.4%). See La. R.S. 9:315.20. Louisiana Revised Statutes 9:315.14 provides, in pertinent part, however, "In no event shall the court set an award of child support less than one hundred dollars." Thus, we set Mr. Salles' monthly child support obligation as of November 4, 2003, at $100.

III. CONCLUSION
For these reasons, we reverse the trial court's judgment. We render judgment in favor of Mrs. Salles and against Janet Anne Salles Chenevert, as Mr. Salles' legal successor, for arrearages in the amount of $30,052.82, with legal interest thereon from the date of judicial demand, October 8, 2003, until paid. We further render judgment in favor of Mrs. Salles and against Mrs. Chenevert, in her capacity as Mr. Salles' legal successor, for $100 per month from the date of Mr. Salles' requested modification, November 4, 2003, until his death on September 2, 2004. The legal interest due on these sums shall be calculated from the date that each monthly payment became due.
Costs of the appeal are to be paid by Mrs. Chenevert, in her capacity as Mr. Salles' legal successor.
REVERSED AND RENDERED.
*9 DOWNING, J., concurs.
GAIDRY, J., agrees in part and dissents in part for assigned reasons.
CARTER, C.J., agrees in part and dissents in part for the reasons assigned by GAIDRY, J.
HUGHES, J., dissents.
GUIDRY, J., dissents and assigns reasons.
GAIDRY, J., agreeing in part and dissenting in part.
Although I agree with the majority's decision to overrule Kelly v. Kelly, I disagree with the majority's calculation of Mr. Salles's final monthly child support obligation. Although Mr. Salles's share of the monthly child support obligation was less than $100.00, the child support award was greater than $100.00; therefore, I do not agree that La. R.S. 9:315.14 requires us to increase Mr. Salles's share of this award from $65.84 to $100.00. For that reason, I will dissent from that portion of the opinion calculating the final monthly child support obligation.
GUIDRY, J., dissenting.
I disagree with the majority's representation of the holding in Kelly v. Kelly, 99-2478 (La.App. 1st Cir.12/22/00), 775 So.2d 1237, writ denied, 01-0234 (La.3/23/01), 787 So.2d 1001, on the issue of the social security benefits paid to the children because of the disability of their father. Kelly does not state that the social security benefits received by the children due to the disability of their father constitutes "income of the child." Actually Kelly simply states "Mr. Kelly is entitled to a credit for the amount of Social Security benefits being paid to the minor children on his behalf, which completely offsets the amount owed by Mr. Kelly under the guidelines." Kelly, 99-2478 at 8, 775 So.2d at 1243. In fact, the way in which the social security benefits paid to the children on behalf of Mr. Kelly were applied in Kelly indicates that those monies were not deemed to be "income" of the children. I should also point out that the calculation in Kelly was in conformance with how such benefits were applied in other cases, some of which were cited in the opinion. See Lamkin v. Flanagan, 37,911 (La.App. 2nd Cir.1/28/04), 865 So.2d 916, writ denied, 04-0808 (La.6/4/04), 876 So.2d 89; Faul v. Faul, 548 So.2d 957 (La.App. 3rd Cir.1989); McCloud v. McCloud, 544 So.2d 764 (La.App. 3rd Cir.1989); Folds v. Lebert, 420 So.2d 715 (La.App. 4th Cir.1982).
Thus, the majority errs in indicating that Kelly holds that social security benefits received by a child due to the disability of a parent constitutes income of the child. Rather, a plain reading of Kelly is that a parent, on whose behalf the children are receiving social security benefits, may receive a credit against the amount of child support owed by that parent based on those benefits. As articulated in McCloud, the reasoning behind such an application has been:
If the sum directed to be paid by the father is paid by the government through Social Security benefits derived from the account of the father, the purpose of the order for support has been accomplished. The father is entitled to credit for such payments against his liability under the order. Since the child will receive the same amount of support ordered by the court, and which the court has decided the child should have, the source of the payment is of no consequence and it does not matter that the defendant is given credit for the payment made by another.
* * * * * *
. . . we hold that credit should be given for Social Security payments made directly *10 to the child when the obligor's employment occasioned the benefits.
McCloud, 544 So.2d at 766-767.
Furthermore, the approach taken by the majority unfairly benefits Mrs. Salles by treating the social security payments as income of the child. The correct approach, which was taken in Kelly and by other courts, treats the social security benefits as a credit to the parent whose payments into the social security system and subsequent disability gave rise to the social security payments to the children. See also Pousson v. Pousson, 03-0111 (La.App. 3rd Cir.12/17/03), 861 So.2d 920, 922. Accordingly, I respectfully dissent from the majority's opinion.
NOTES
[1] This appeal was considered by the court en banc after a majority of the original three judge panel recommended overruling a portion of a prior opinion of this court.
[2] During the pendency of this appeal, Mr. Salles died on September 2, 2004, and upon the motion of his sister Janet Anne Salles Chenevert, who serves as the executrix of his estate, this court substituted her as Mr. Salles' legal successor. Uniform RulesCourt of Appeal Rule 2-9; La. C.C.P. art. 801.
[3] The petition by Mrs. Salles was filed in the same record as the divorce petition that had been previously filed by Mr. Salles. Therefore, although the caption of this proceeding implies that Mr. Salles initiated this matter, Mrs. Salles is the actual petitioner.
[4] Each deed that Mr. Salles executed set forth the basis for the support as a specified monthly obligation for each child, which was offset by a share of the German social contribution received on behalf of each child.
[5] It is undisputed that the benefits paid by the SSA to the children were paid as a result of Mr. Salles' contributions to the social security fund.
[6] During the period of time for which Mrs. Salles claims arrearages, Mr. Salles deposited into an investment account bearing his name sums of money equal to the amounts that the children received in social security benefits. He testified that he invested these funds for his children's education. This investment account was valued at $45,320.50 as of February 27, 2004.
[7] According to Mr. Salles' calculations, his payment of $22,000 in April 1998 resulted in a credit against his future support payments. Thus, although Mrs. Salles asserts Mr. Salles owed arrearages beginning in August 1999, Mr. Salles' calculations reveal a credit in his favor as of August 1999 due to his classification of the $22,000 payment as a child support payment.
[8] With respect to the social security benefits paid to the children by the SSA, Mr. Salles introduced a chart listing these payments, but he did not provide certified documents from the SSA establishing the amounts paid. Although Mrs. Salles alleges that Mr. Salles has not proven the amount of social security benefits that was paid to the children, she admits that the children received social security benefits during the time period in question, and she does not challenge the specific numbers provided by Mr. Salles.
[9] Mrs. Salles calculated that Mr. Salles owed 84,187.84 DM in arrearages when he sought modification of his support obligation. Based on the applicable conversion rate of 1.617354 as of the hearing date, we calculate the amount of arrearages claimed by Mrs. Salles was $52,052.82. We reduce this figure by the $22,000 child support payment.
[10] Louisiana Revised Statutes 9:315.21 C provides, "Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand."
[11] Louisiana Revised Statutes 13:1401 A(1) provides that the Family Court for the Parish of East Baton Rouge has exclusive jurisdiction over "all actions for ... spousal and child support ... as well as of all matters incidental to any of the foregoing proceedings...." Neither party has established that the Family Court in Germany has continuing, exclusive jurisdiction under the Uniform Interstate Family Support Act, La. Ch.C. art. 1302.1 et seq.
[12] The parties do not dispute that Mrs. Salles was paying $65 per month for the children's health insurance premiums.
[13] The Kelly court found the trial court had failed to provide reasons to support its deviation from the guidelines with respect to a personal injury settlement received by the father when it ordered the father to pay monthly child support. Accordingly, the Kelly decision set aside the trial court's judgment as it related to the father's child support payment and remanded the matter for further proceedings during which the trial court was ordered to provide specific reasons for any deviation from the child support guidelines. Kelly v. Kelly, 99-2478 at pp. 8-11, 775 So.2d at 1243-44.
[14] If the Kelly court had deducted the amount of the social security benefits from the basic child support obligation as directed by Louisiana Revised Statutes 9:315.7 A rather than from Mr. Kelly's percentage share of the basic child support obligation, the court would have found, absent any deviation determined to be appropriate by the trial court, that Mr. Kelly owed $98.46 in monthly child support based on then applicable statutory guidelines. See former Louisiana Revised Statutes 9:315.14 and former Louisiana Revised Statutes 9:315.15, before they were amended and reenacted as Louisiana Revised Statutes 9:315.19 and 9:315.20, respectively, pursuant to 2001 La. Acts, No. 1082, § 1.